Exhibit "A"

# Know All Men by These Presents:

**That** George J. Fiorini, Individually and as Trustee of I.G.W. Trust

of 3520 Boudinot Avenue, Hamilton County, Ohio,
Cincinnati, Ohio

*in consideration of* $70,000.00

*in hand paid by* Evelyn M. Schaefer (which this mortgage is given upon the statutory condition defined in ORC Sec. 5302.14 to secure

*do* as *hereby* **Grant, Bargain, Sell and Convey**
with mortgage covenants
*to the said* Evelyn M. Schaefer                                h er   heirs

*and assigns forever, the following described* **Real Estate**, *situate in the*

*of* Cincinnati             *in the County of* Hamilton        and State of Ohio,

*and being more particularly described as follows:*

HAMILTON COUNTY RECORDER
Doc #: 1 - 136512  Type: MT
Filed:08/02/2001  9:35:10 AM    $  14.00
Off.Rec.: 8649  2506 F           2   375

Situate in the City of Cincinnati, Hamilton County, Ohio in the Southeast Quarter of Section 9, Township 2, Fractional Range 2, Miami Purchase, Green Township and more particularly described as follows:

Beginning at a point in the easterly line of Boudinot Avenue 90.9 feet south of the southerly line of Mozart Avenue as now established, as measured along said easterly line of Boudinot Avenue; thence southwardly along the easterly line Boudinot Avenue 55 feet to a point; thence eastwardly at right angles to Boudinot Avenue 127.50 feet to a point in the westerly line of a 15 foot strip of ground used by the City of Cincinnati for a trunk sewer; thence northwardly along the westerly line of said trunk sewer to a point in the southwesterly line of Harrison Avenue; thence westwardly to the point and place of beginning.

Mortgage or claims title by virtue of an instrument recorded at Parcel No. 210-74115    Prior Deed Reference O.R. 4060, page 527 of the Deed Records of Hamilton County Ohio, and Vol. 8087 page 729 or 730

*and all the* **Estate, Right, Title and Interest** *of the said grantor  in and to said premises;* **To have and to hold** *the same, with all the privileges and appurtenances thereunto belonging, to said grantee*  her           *heirs and assigns forever. And the said*
George J. Fiorini individually and as Trustee of I.G.W. Trust do   hereby
**Covenant and Warrant** *that the title so conveyed is* **Clear, Free and Unincumbered,** *and that*  he   *will* **Defend** *the same against all lawful claims of all persons whomsoever.*

**Provided Nevertheless,** *That* should the Note of Guardian Investments, LLC be repaid in full, then this mortgage shall be void.

8649    2506

**In Witness Whereof,** The said George J. Fiorini individually, and as Trustee of the I.G.W. Trust

have hereunto set their hands, this 20th day of July, 2001

Signed and acknowledged in presence of:

_Ernest A. Eynon_      _George J. Fiorini_

_Martha G. Reinhart_

I.G.W. Trust

By _George J. Fiorini_, Trustee

_Ernest A. Eynon_

_Martha G. Reinhart_

**State of** Ohio     **County of** Hamilton     SS.

**Be It Remembered,** That on the 20th day of July, 2001, before me, the subscriber, a Notary Public in and for said state, personally came George J. Fiorini, individually and in his capacity as Trustee of the I.G.W. Trust

the grantor in the foregoing Mortgage, and acknowledged the signing thereof to be their voluntary act, for the uses and purposes therein mentioned.

**In Testimony Whereof,** I have hereunto subscribed my name and affixed my official seal, on the day and year last aforesaid.

_Ernest A. Eynon_
Notary Public
ERNEST A. EYNON, II
Notary Public, State of Ohio
My Commission has no expiration date
Section 147.03 R. C.

This instrument was prepared by Ernest A. Eynon II, Attorney at Law
36 East Fourth Street, Suite 1140
Cincinnati, Ohio 45202
(513) 621-8105

8649   2507
8649

Exhibit "B"

# NON-RECOURSE GUARANTY

The undersigned ("Guarantor"), both individually and as Trustee of the I.G.W. Trust, is executing this Guaranty to induce EVELYN M. SCHAEFER ("Lender") to make a loan in the amount of Sixty Eight Thousand Five Hundred Sixty-One and 64/100 Dollars ($68,561.64) (the "Loan") to GUARDIAN INVESTMENTS, LLC, an Ohio Limited Liability Company ("Borrower"). Said Loan is evidenced by a Cognovit Promissory Note dated May 16, 2001 from Borrower to Lender, which Promissory Note is actually an amendment and restatement of Borrower's prior obligations to Lender pursuant to a Promissory Note dated January 5, 2000 in the principal amount of Sixty One Thousand Five Hundred Sixty-One and 64/100 Dollars ($61,561.64) and also pursuant to a Promissory Note dated March 4, 2000 in the principal amount of Seven Thousand Dollars ($7,000.00). The Loan is secured by a mortgage (the "Mortgage") executed by Guarantor both individually and as Trustee of the I.G.W. Trust, and dated of even date herewith. This Non-Recourse Guaranty, the Note, and the Mortgage are hereinafter collectively referred as the "Loan Documents". Guarantor, both individually and as Trustee of the I.G.W. Trust, hereby represents that he is the fee simple owner of the Property described herein.

1. **Guaranty.** Guarantor hereby guarantees to Lender full payment and performance of all of Borrower's indebtedness and obligations to Lender or any subsequent holder thereof of the Note and the other Loan Documents, and under all modifications, renewals, and extensions of those instruments. All such indebtedness and obligations are referred to in this Guaranty as the "Indebtedness" and will be payable by the Guarantor to Lender immediately on demand and without further notice in the event of any default by Borrower with respect to the Indebtedness or any part of the Indebtedness as provided in the Loan Documents.

Notwithstanding the foregoing or any other provision in this Guaranty to the contrary, however, if any action is commenced to enforce the obligations of the Guarantor hereof, created or arising under this Guaranty or the Mortgage, the judgment shall be enforceable against the Guarantor only to the extent of his interest in the parcel of real estate located at 3520 Boudinot

ERS & GREENBERG
L.L.P.
TTORNEYS AT LAW
KETTERING TOWER
AYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649

Avenue, in the City of Cincinnati, County of Hamilton, which is described in the Mortgage (the "Property"), and such judgment shall not be the subject of execution or be a lien on any other assets of Guarantor. In no event shall the Guarantor have any liability whatsoever under this Guaranty or the Mortgage except to the extent of his interest in the property, and Guarantor will not be named in any suit to enforce the Note except to the extent necessary for Lender to foreclose and realize upon the Property as collateral for the Note.

Also not withstanding the foregoing or any other provisions to the contrary contained herein, however, neither Lender nor any subsequent holder of the Note shall be required to first of all pursue her remedies against any other assets which have been pledged as additional security for the Borrowers' obligations under the Note (including in particular but without limitation the Collateral Assignment of the life insurance policy owned by Borrower on the life of Phyllis Strout) in the event by Borrower under the Note, and Lender may proceed with a foreclosure proceeding against the Guarantor with respect to his interest in the property pursuant to the terms of the Mortgage either coincident with, or in lieu of, any proceeding which Lender may bring against the Borrower itself, or against the life insurance policy on the life of Phyllis Strout which has been collaterally assigned to Lender as security for the Note, notwithstanding the within non-recourse nature of the Guarantor's Guaranty of the Note.

2. <u>Rights of Lender.</u> Guarantor authorizes Lender at any time in her discretion to alter any of the terms of the Indebtedness; to take and hold any other security for the Indebtedness and to accept additional or substituted security; to subordinate, compromise or release any security; to release, substitute or add any one or more Guarantors of the Indebtedness; and to assign this Guaranty in whole or in part. Lender make take any of these actions upon such terms and conditions as she may elect, without giving notice to Guarantor or obtaining the consent of Guarantor and without affecting the liability of Guarantor to Lender hereunder. Notwithstanding the foregoing, however, Lender may not release Borrower of its own liability for the full amount of the Indebtedness without the prior written consent of Guarantor, and any such release by Lender of Borrower for all or any part of the Indebtedness

ERS & GREENBERG
L.L.P.
TORNEYS AT LAW
KETTERING TOWER
YTON, OHIO 45423
(937) 223-8171
AX: (937) 223-1649

without Guarantor's prior written consent shall automatically and immediately terminate this Guaranty.

3. **Independent Obligations.** The Guarantor's obligations under this Guaranty are independent of those of Borrower. Lender may bring a separate action against Guarantor without first proceeding against Borrower or any other person or any security held by Lender and without pursuing any other remedy. Lender's rights under this Guaranty will not be exhausted by any action by Lender until the completion of any foreclosure action against the Property and the realization of the proceeds therefrom.

4. **Waivers of Defenses.** Guarantor waives (a) all statute of limitations as a defense to any action brought against Guarantor by Lender, to the fullest extent permitted by law; (b) any defense based on any legal disability of Borrower or any discharge or limitation of the liability of Borrower to Lender, whether consensual or arising by operation of law or any bankruptcy, insolvency, or debtor-relief proceeding, or from any other cause except payment in fact; (c) presentment, demand, protest and notice of any kind; (d) any defense based upon or arising out of any defense that Borrower may have to the payment or performance of any part of the Indebtedness except payment in fact; and (e) all rights of subrogation, all rights to enforce any remedy that Lender may have against Borrower, all rights to participate in any security held by Lender for the Indebtedness has been paid and performed in full.

5. **Borrower's Financial Condition.** The Guarantor assumes full responsibility for keeping fully informed of the financial condition of Borrower and all other circumstances affecting Borrowers' ability to perform its obligations to Lender, and agrees that Lender will not have duty to report to Guarantor any information which Lender receives about Borrower's financial condition or any circumstances bearing upon its ability to perform.

6. **Default.** Lender may declare the Guarantor in default under this Guaranty if Guarantor fails to perform any of its obligations under this Guaranty or becomes the subject of any bankruptcy, insolvency, arrangement, reorganization, or other debtor-relief proceeding under any federal or state law, whether now existing of subsequently enacted.

ERS & GREENBERG
L.L.P.
TORNEYS AT LAW
KETTERING TOWER
YTON, OHIO 45423
(937) 223-8171
AX: (937) 223-1649

7. <u>Delay; Cumulative Remedies</u>. No delay or failure by Lender to exercise any right or remedy against Borrower or Guarantor will be construed as a waiver of that right or remedy. All remedies of Lender against Borrower and Guarantor are cumulative.

8. <u>Miscellaneous</u>. The invalidity or unenforceability or any one or more provisions of this Guaranty will not affect any other provision. This Guaranty will be governed by Ohio law, and may be amended only by a written instrument executed by the Guarantor and Lender. The obligations of Guarantor under this Guaranty will bind and benefits the heirs, legal representatives, successors and assigns of Guarantor to Lender.

IN WITNESS WHEREOF, GEORGE J. FIORINI, both in his individual capacity and in his capacity as Trustee of the I.G.W. Trust, has hereunto set his hand on this 22nd day of June, 2001.

_____
GEORGE J. FIORINI, Individually

_____
GEORGE J. FIORINI, as Trustee of I.G.W. Trust

;ERS & GREENBERG
L.L.P.
JTORNEYS AT LAW
0 KETTERING TOWER
AYTON, OHIO 45423
(937) 223-8171
FAX: (937) 223-1649

-4-