UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF,<br><br>V.<br><br>REAL PROPERTY KNOWN AND<br>NUMBERED AS 1704 HIDDEN HILLS<br>ROAD, NO. 607, GATLINBURG, SEVIER<br>COUNTY, TENNESSEE, WITH ALL<br>APPURTENANCES, IMPROVEMENTS,<br>AND ATTACHMENTS THEREON, et al.<br>    DEFENDANTS. | CASE NO. 1:01cv714<br>(consolidated with 1:01cv715<br>and 1:01cv716)<br><br>SENIOR JUDGE WEBER |

## SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED by and between the United States of America and The Pointe Association, Inc. (the "Association") as follows in order to compromise and settle the Association's legal interest in real property known and numbered as Condominium #405, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida and real property known and numbered as Condominium #P-3, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida (collectively "the subject property"), which property is furthered described in Attachments A and B.

This settlement agreement is entered into between the parties pursuant to the following terms:

    1.    The parties hereby stipulate that the Association as a valid lien holder has a legal interest in the subject property by virtue of Claim(s) of Lien which were recorded in the public records of Sarasota County, Florida, which lien on each condominium parcel secures the

payment of assessments.

2. The parties further stipulate that any violations of 18 U.S.C. § 981(a)(1)(A) involving the subject property occurred without the knowledge and consent of the Association.

3. The Association agrees to provide the United States, within fifteen (15) days after receiving a written request, a Certificate stating all assessments and interest owed to the Association with respect to the subject property. The Association agrees to bear the expense for the preparation of the Certificate.

4. The United States agrees to pay the Association, from the sale proceeds of the subject property, the following:

    a. all unpaid assessments which are due the Association as specified in the Certificate; and

    b. all unpaid interest due the Association until the date of payment to the Association.

5. The payment shall be contingent upon the successful forfeiture of the subject property to the United States.

6. The payment to the Association shall be in full settlement and satisfaction of all claims of lien by the Association to the subject property and of all claims resulting from the incidents or circumstances giving rise to this lawsuit.

7. Within ten (10) business days of payment by the United States, the Association agrees to file a satisfaction of its Claim(s) of Lien at its expense. Upon payment, the Association agrees to release and hold harmless the United States of America, the United States Attorney for the Southern District of Ohio, the Federal Bureau of Investigation, the Internal Revenue Service,

and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by the Association and its agents which currently exist or which they may have as a result of this lawsuit.

8. The Association agrees not to pursue against the United States any other rights that it may have under its Claim(s) of Lien.

9. The Association understands and agrees that by entering into this Settlement Agreement, it waives any rights to litigate further its interest in the subject property and to petition for remission or mitigation of the forfeiture. The Association also understands that unless specifically directed by an order of the Court, the Association shall be excused and relieved from further participation in this action.

10. The parties agree to execute further documents, to the extent necessary, to convey clear title to the subject property to the United States and to further implement the terms of this Settlement Agreement.

11. The parties agree that if the subject property becomes part of the bankruptcy estate of George Fiorini, this Settlement Agreement shall not impair any right of either party in such bankruptcy action.

12.  Each party agrees to bear its own costs and attorney's fees.

                                                 Respectfully submitted,

                                                 GREGORY G. LOCKHART
                                                 United States Attorney

1/26/04  
Date

                                               s/Kathleen M. Brinkman  
                                               KATHLEEN M. BRINKMAN (0016269)  
                                               Assistant United States Attorney  
                                               Attorney for Plaintiff  
                                               221 East Fourth Street, Suite 400  
                                               Cincinnati, Ohio 45202  
                                               (513) 684-3711  
                                               Fax: (513) 684-6385  
                                               Kathleen.Brinkman@usdoj.gov

1/30/04  
Date

                                               DAVID C. MEYER  
                                               Attorney for The Pointe Association, Inc.  
                                               Lobeck, Hanson & Wells  
                                               2033 Main Street, Suite 403  
                                               Sarasota, Florida 34237  
                                               (941) 955-5622  
                                               Fax: (941) 951-1469

## **ATTACHMENT A**

Real property known and numbered as Condominium #405, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida with all improvements, appurtenances, and attachments thereon. The legal description of the real property is:

> Unit 405. Building B, THE POINTE ON MIDNIGHT PASS, a Condominium according to the Declaration of Condominium recorded in Official Record Book 1090, Page 745, and all amendments thereto, and as per plat thereof recorded in Condominium Book 8, Page 45, of the Public Records of Sarasota County, Florida.

## ATTACHMENT B

Real property known and numbered as Condominium #P3, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida with all improvements, appurtenances, and attachments thereon. The legal description of the real property is:

> Unit Penthouse 3, Building B, THE POINTE OF MIDNIGHT PASS, a Condominium according to the Declaration of Condominium recorded in Official Record Book 1090, Page 745, and subsequent amendments thereto, and as per plat thereof recorded in Condominium Book 8, Pages 45, 45A and 45B, of the Public Records of Sarasota County, Florida.