## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| PLAINTIFF, | : | CASE NO. 1:01cv714 |
| | : | (consolidated with 1:01cv715 |
| V. | : | and 1:01cv716) |
| | : | |
| REAL PROPERTY KNOWN AND | : | |
| NUMBERED AS 1704 HIDDEN HILLS | : | SENIOR JUDGE WEBER |
| ROAD, NO. 607, GATLINBURG, SEVIER | : | |
| COUNTY, TENNESSEE, WITH ALL | : | |
| APPURTENANCES, IMPROVEMENTS, | : | |
| AND ATTACHMENTS THEREON, et al. | : | |
| DEFENDANTS. | : | |

## REQUEST TO ENTER DEFAULT

To the Clerk, United States District Court for the Southern District of Ohio:

Plaintiff, United States of America, by and through the undersigned Assistant United

States Attorney for the Southern District of Ohio, hereby requests a default entry, pursuant to

Fed. R. Civ. P. 55(a), against the following defendant properties ("the subject property"):

1.     Real property known and numbered as 1704 Hidden Hills Road, No. 607,
Gatlinburg, Sevier County, Tennessee with all improvements, appurtenances, and
attachments thereon (Attachment A);

2.     Real property known and numbered as 2110 St. Leo Place, Cincinnati,
Hamilton County, Ohio with all improvements, appurtenances, and attachments
thereon (Attachment B);

3.     Real property known and numbered as 5973 Oakapple Drive, Cincinnati,
Hamilton County, Ohio with all improvements, appurtenances, and attachments
thereon (Attachment C);

4.     Real property known and numbered as 3392 Fiddlers Green Road,
Cincinnati, Hamilton County, Ohio with all improvements, appurtenances, and
attachments thereon (Attachment D);

5.     Real property known and numbered as Condominium #405, Building B, 9393

Midnight Pass Road, Sarasota, Sarasota County, Florida with all appurtenances, improvements, and attachments thereon (Attachment E);

6.    Real property known and numbered as Condominium #P3, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida, with all appurtenances, improvements, and attachments thereon (Attachment F);

and against all other parties and entities, including but not limited to, Arden V. Yakimov and

Save, Inc. for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and

Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

The verified record in this case and the following Declaration in Support of Default

support this request.

**Declaration in Support of Default**

1.    I, Kathleen M. Brinkman, Assistant United States Attorney for the Southern District

of Ohio, represent the plaintiff, United States of America, in this action.

2.    The United States filed three verified Complaints for Forfeiture in Rem on October

16, 2001 (1:01-cv-714 (Doc. 1), 1:01-cv-715 (Doc. 1), and 1:01-cv-716 (Doc. 1)).  This Court

consolidated the civil forfeiture actions on March 21, 2002 (1:01-cv-714, Doc. 10).

3.    The civil forfeiture actions were brought to enforce 18 U.S.C. § 981(a)(1)(A),

which provides for the forfeiture to the United States of:

Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

4.    On October 26, 2001, the Court recognized the jurisdiction it had over the

defendants when it issued a Writ of Entry (Doc. 3) (Writs of Entry also issued by Judge

Beckwith on October 19, 2002 (1:01-cv-715, Doc. 5) and by Senior Judge Spiegel on October

18, 2002 (1:01-cv-716, Doc. 2)).

5.     On November 13, 2001, the United States served by certified mail on George Fiorini, in his individual capacity and as the Trustee of the I.G.W. Trust, the complaints, forfeiture notices, summons, and interrogatories.  The United States Postal Service returned receipts of delivery (1:01-cv-714, Doc. 6, Attach. A; 1:01-cv-716, Doc. 10, Attach. A and B).

6.     On November 13, 2001, the United States served by certified mail on Vicki Fiorini, the complaints, forfeiture notices, summons, and interrogatories.  The United States Postal Service returned a receipt of delivery (1:01-cv-715, Doc. 8, Attach. A; 1:01-cv-716, Doc. 10, Attach. C).

7.     On January 19, 2002, an IRS Agent personally served on Roger Market and Vicki Market copies of the complaints, forfeiture notices, summons, and interrogatories (1:01-cv-715, Doc. 12).  On February 19, 2002, Roger Market and Vicki Market each filed a claim to the real property located at Condominium # 802, Building B, 9393 Midnight Pass Road, Sarasota, Florida (1:01-cv-715, Doc. 13).  Roger Market and Vicki Market each filed an answer on April 8, 2002 (Doc. 12).  The United States does NOT seek a default or forfeiture judgment against Condominium #802 at this time.

8.     On January 22, 2002, the United States served by certified mail on Save, Inc., the complaint, forfeiture notice, and summons.  The United States Postal Service returned a receipt of delivery (1:01-cv-716, Doc. 12).

9.     On January 22, 2002, the United States served by certified mail on Arden V. Yakimow, the complaint, forfeiture notice, and summons.  The United States Postal Service returned a receipt of delivery (1:01-cv-716, Doc. 12).

10.     The United States attempted to serve notice of this civil forfeiture action on

Michael Fiorini at his last known address located at 5973 Oakapple Drive, Cincinnati, Ohio

45248, but the United States Postal Service returned a notice indicating "Unclaimed" (Doc. 18,

Attach. A).  On January 25, 2002, while executing a writ of entry, an IRS Agent left copies of

the complaint, forfeiture notice, and summons inside the property located at 5973 Oakapple

Drive.  On January 29, 2002, the United States served on Michael Fiorini the complaint,

forfeiture notice, summons, and interrogatories by certified mail at 7641 Wesselman Road,

Cleves, Ohio 45002, and a receipt of delivery was returned (1:01-cv-716, Doc. 12).

      11.    The summons and forfeiture notice directed any person or entity claiming an

interest in the defendants to file a claim, that is a statement of interest in or right against the

defendants, with the Clerk of the Court within thirty (30) days after the earlier of receiving actual

notice of execution of process against the defendants or completed publication of notice and to

file an answer to the United States' complaint within twenty (20) days after the filing of the

claim.

      12.    On March 19, 2002, March 26, 2002, and April 2, 2002, the United States published

notice of the proposed forfeiture of the defendant property in the <u>Cincinnati Court Index Press</u>

(1:01-cv-716, Doc. 17).  On March 21, 2002, March 28, 2002, and April 4, 2002, the United

States published notice of the proposed forfeiture of the defendant property in <u>The Mountain</u>

<u>Press</u> in Sevierville, Tennessee (Doc. 15).  On March 20, 2002, March 27, 2002, and April 3,

2002, the United States published notice of the proposed forfeiture of the defendant property in

the <u>Sarasota Herald Tribune</u> in Sarasota, Florida (1:01-cv-715, Doc. 15).

      13.    On January 14, 2002, Judge Beckwith granted a Default Judgment to the United

States against Vicki Fiorini (1:01-cv-715, Doc. 9).

14.    On March 8, 2002, Senior Judge Spiegel granted a Default Judgment to the United States against George Fiorini, in his individual capacity and as Trustee of the I.G.W. Trust; the I.G.W. Trust; and Vicki Fiorini (1:01-cv-716, Doc. 13).

15.    On March 13, 2002, this Court granted a Default Judgment to the United States against George Fiorini and the I.G.W. Trust (Doc. 9).

16.    On April 2, 2002, the United States dismissed real property located at 7641 Wesselman Road from this civil forfeiture action (Doc. 11).

17.    On April 26, 2002, Kenneth Curtis and Janet Curtis filed a "Petition" (Doc. 13), and the Curtises filed an "Answer" on May 13, 2002 (Doc. 14).  On May 7, 2003, this Court granted the United States' motion to strike the Curtises' "Petition" and "Answer" (Doc. 20).

18.    On May 7, 2003, this Court granted a Default Judgment to the United States against Michael Fiorini (Doc. 21).

19.    On December 5, 2003, the United States served by certified mail on Evelyn Schaefer the complaint, forfeiture notice, and summons.  The United States Postal Service returned a receipt of delivery (Doc. 22).  Evelyn Schaefer filed a claim (Doc. 23), asserting an interest in 3514 Boudinot Avenue, on December 30, 2003 and an answer (Doc. 24) on January 20, 2004.  The United States does NOT seek a default or forfeiture judgment against 3514 Boudinot Avenue at this time.

20.    On January 30, 2004, the United States entered into a Settlement Agreement with The Pointe Association ("the Association") in which the United States agreed to pay all unpaid assessments and interest due the Association.  Upon the forfeiture and sale of the condominiums, the United States will pay the Association in accordance with the Settlement Agreement (Doc.

5

25).

21.   As of March 4, 2004, Arden V. Yakimov and Save, Inc. have not filed claims to the subject property and answers to the United States' complaints.

22.   Plaintiff knows of no reason why a default against the subject property, Arden V. Yakimov, Save, Inc., and all other persons and entities should not be entered now.

On this the 5th day of March, 2004, I declare under the penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


s/Kathleen M. Brinkman
KATHLEEN M. BRINKMAN (0016269)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio  45202
(513) 684-3711
Fax:  (513) 684-6385
Kathleen.Brinkman @usdoj.gov

6

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing Request for Default was served this 5th day of

March, electronically on:  J. Robert Andrew, <u>richjgoldberg@yahoo.com,</u> Attorney for Roger and

Vicki Market; and by regular U.S. Mail on:  John M. Clould, Rogers & Greenberg, LLP, 2160

Kettering Tower, Dayton, Ohio 45423, Attorney for Evelyn Schaefer.

s/Kathleen M. Brinkman
KATHLEEN M. BRINKMAN (0016269)
Assistant United States Attorney
