UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       : | |
|     PLAINTIFF,       : | CASE NO. 1:01-cv-714 |
|                                   : | (consolidated with 1:01-cv-715 |
| V.       : | and 1:01-cv-716) |
|                                   : | |
| REAL PROPERTY KNOWN AND       : | |
| NUMBERED AS 1704 HIDDEN HILLS       : | SENIOR JUDGE WEBER |
| ROAD, NO. 607, GATLINBURG, SEVIER       : | |
| COUNTY, TENNESSEE, WITH ALL       : | |
| APPURTENANCES, IMPROVEMENTS,       : | |
| AND ATTACHMENTS THEREON, et al.       : | |
|     DEFENDANTS.       : | |

## MOTION FOR DEFAULT JUDGMENT AND DECREE OF FORFEITURE

The United States, by and through the undersigned Assistant United States Attorney for the Southern District of Ohio, moves this Court for a Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) and a Decree of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) against the following defendant properties ("the subject property"):

    1.    Real property known and numbered as 1704 Hidden Hills Road, No. 607, Gatlinburg, Sevier County, Tennessee with all improvements, appurtenances, and attachments thereon (Attachment A);

    2.    Real property known and numbered as 2110 St. Leo Place, Cincinnati, Hamilton County, Ohio with all improvements, appurtenances, and attachments thereon (Attachment B);

    3.    Real property known and numbered as 5973 Oakapple Drive, Cincinnati, Hamilton County, Ohio with all improvements, appurtenances, and attachments thereon (Attachment C);

    4.    Real property known and numbered as 3392 Fiddlers Green Road, Cincinnati, Hamilton County, Ohio with all improvements, appurtenances, and attachments thereon (Attachment D);

    5.    Real property known and numbered as Condominium #405, Building B, 9393

Midnight Pass Road, Sarasota, Sarasota County, Florida with all appurtenances, improvements, and attachments thereon (Attachment E);

6.  Real property known and numbered as Condominium #P3, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida, with all appurtenances, improvements, and attachments thereon (Attachment F);

and against all other parties and entities, including but not limited to, Arden V. Yakimow and Save, Inc. The verified record in this case and the following Memorandum support this motion.

<u>Memorandum</u>

The United States filed three verified Complaints for Forfeiture in Rem on October 16, 2001 (1:01-cv-714 (Doc. 1), 1:01-cv-715 (Doc. 1), and 1:01-cv-716 (Doc. 1)). This Court consolidated the civil forfeiture actions on March 21, 2002 (1:01-cv-714, Doc. 10).

The civil forfeiture actions were brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture to the United States of:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

On October 26, 2001, the Court recognized the jurisdiction it had over the defendants when it issued a Writ of Entry (Doc. 3) (Writs of Entry also issued by Judge Beckwith on October 19, 2002 (1:01-cv-715, Doc. 5) and by Senior Judge Spiegel on October 18, 2002 (1:01-cv-716, Doc. 2)).

On November 13, 2001, the United States served by certified mail on George Fiorini, in his individual capacity and as the Trustee of the I.G.W. Trust, the complaints, forfeiture notices, summons, and interrogatories. The United States Postal Service returned receipts of delivery (1:01-cv-714, Doc. 6, Attach. A; 1:01-cv-716, Doc. 10, Attach. A and B).

On November 13, 2001, the United States served by certified mail on Vicki Fiorini, the

complaints, forfeiture notices, summons, and interrogatories.  The United States Postal Service returned a receipt of delivery (1:01-cv-715, Doc. 8, Attach. A; 1:01-cv-716, Doc. 10, Attach. C).

On January 19, 2002, an IRS Agent personally served on Roger Market and Vicki Market copies of the complaints, forfeiture notices, summons, and interrogatories (1:01-cv-715, Doc. 12).  On February 19, 2002, Roger Market and Vicki Market each filed a claim to the real property located at Condominium # 802, Building B, 9393 Midnight Pass Road, Sarasota, Florida (1:01-cv-715, Doc. 13).  Roger Market and Vicki Market each filed an answer on April 8, 2002 (Doc. 12).  The United States does NOT seek a default or forfeiture judgment against Condominium #802 at this time.

On January 22, 2002, the United States served by certified mail on Save, Inc., the complaint, forfeiture notice, and summons.  The United States Postal Service returned a receipt of delivery (1:01-cv-716, Doc. 12).

On January 22, 2002, the United States served by certified mail on Arden V. Yakimow, the complaint, forfeiture notice, and summons.  The United States Postal Service returned a receipt of delivery (1:01-cv-716, Doc. 12).

The United States attempted to serve notice of this civil forfeiture action on Michael Fiorini at his last known address located at 5973 Oakapple Drive, Cincinnati, Ohio 45248, but the United States Postal Service returned a notice indicating "Unclaimed" (Doc. 18, Attach. A). On January 25, 2002, while executing a writ of entry, an IRS Agent left copies of the complaint, forfeiture notice, and summons inside the property located at 5973 Oakapple Drive.  On January 29, 2002, the United States served on Michael Fiorini the complaint, forfeiture notice, summons, and interrogatories by certified mail at 7641 Wesselman Road, Cleves, Ohio 45002, and a receipt

of delivery was returned (1:01-cv-716, Doc. 12).

The summons and forfeiture notice directed any person or entity claiming an interest in the defendants to file a claim, that is a statement of interest in or right against the defendants, with the Clerk of the Court within thirty (30) days after the earlier of receiving actual notice of execution of process against the defendants or completed publication of notice and to file an answer to the United States' complaint within twenty (20) days after the filing of the claim.

On March 19, 2002, March 26, 2002, and April 2, 2002, the United States published notice of the proposed forfeiture of the defendant property in the <u>Cincinnati Court Index Press</u> (1:01-cv-716, Doc. 17). On March 21, 2002, March 28, 2002, and April 4, 2002, the United States published notice of the proposed forfeiture of the defendant property in <u>The Mountain Press</u> in Sevierville, Tennessee (Doc. 15). On March 20, 2002, March 27, 2002, and April 3, 2002, the United States published notice of the proposed forfeiture of the defendant property in the <u>Sarasota Herald Tribune</u> in Sarasota, Florida (1:01-cv-715, Doc. 15).

On January 14, 2002, Judge Beckwith granted a Default Judgment to the United States against Vicki Fiorini (1:01-cv-715, Doc. 9).

On March 8, 2002, Senior Judge Spiegel granted a Default Judgment to the United States against George Fiorini, in his individual capacity and as Trustee of the I.G.W. Trust; the I.G.W. Trust; and Vicki Fiorini (1:01-cv-716, Doc. 13).

On March 13, 2002, this Court granted a Default Judgment to the United States against George Fiorini and the I.G.W. Trust (Doc. 9).

On April 2, 2002, the United States dismissed real property located at 7641 Wesselman Road from this civil forfeiture action (Doc. 11).

On April 26, 2002, Kenneth Curtis and Janet Curtis filed a "Petition" (Doc. 13), and the Curtises filed an "Answer" on May 13, 2002 (Doc. 14). On May 7, 2003, this Court granted the United States' motion to strike the Curtises' "Petition" and "Answer" (Doc. 20).

On May 7, 2003, this Court granted a Default Judgment to the United States against Michael Fiorini (Doc. 21).

On December 5, 2003, the United States served by certified mail on Evelyn Schaefer the complaint, forfeiture notice, and summons. The United States Postal Service returned a receipt of delivery (Doc. 22). Evelyn Schaefer filed a claim (Doc. 23), asserting an interest in 3514 Boudinot Avenue, on December 30, 2003 and an answer (Doc. 24) on January 20, 2004. The United States does NOT seek a default or forfeiture judgment against 3514 Boudinot Avenue at this time.

On January 30, 2004, the United States entered into a Settlement Agreement with The Pointe Association ("the Association") in which the United States agreed to pay all unpaid assessments and interest due the Association. Upon the forfeiture and sale of the condominiums, the United States will pay the Association in accordance with the Settlement Agreement (Doc. 25).

As of March 4, 2004, Arden V. Yakimow and Save, Inc. have not filed claims to the subject property and answers to the United States' complaints.

On March 8, 2004, the Clerk of this Court entered a default against Arden V. Yakimow, Save, Inc., the subject property, and all other persons and entities having an interest in the subject property for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (Doc. 27).

5

Therefore, the United States requests that this Court enter a Default Judgment, pursuant to Fed. R. Civ. P. 55(b)(2) against Arden V. Yakimow, Save, Inc., and all other persons and entities having an interest in the subject property for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

The United States further requests that this Court enter a Decree of Forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(A), confirming in the United States all right, title, and interest in the subject property and ordering the United States Department of the Treasury to dispose of the subject property in accordance with the law.

    Respectfully submitted,

    GREGORY G. LOCKHART
    United States Attorney


    s/Kathleen M. Brinkman
    KATHLEEN M. BRINKMAN (0016269)
    Assistant United States Attorney
    Attorney for Plaintiff
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio  45202
    (513) 684-3711
    Fax:  (513) 684-6385
    Kathleen.Brinkman @usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Default Judgment and Decree of Forfeiture was served this 10th day of March, electronically on: J. Robert Andrew, richjgoldberg@yahoo.com, Attorney for Roger and Vicki Market; and by regular U.S. Mail on: John M. Cloud, Rogers & Greenberg, LLP, 2160 Kettering Tower, Dayton, Ohio 45423, Attorney for Evelyn Schaefer.

                                              s/Kathleen M. Brinkman
                                              KATHLEEN M. BRINKMAN (0016269)
                                              Assistant United States Attorney