CLERK'S OFFICE OF THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
CINCINNATI, OHIO 45202-3988

OFFICIAL BUSINESS

☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/ STREET
☐ NOT DELIVERABLE AS ADDRESSED
☐ UNABLE TO FORWARD
☐ OTHER



RTS
RETURN TO SENDER

40
Dayto



Kenneth Curtis
4075 Twin Lakes Circle
Dayton, OH

**RECEIVED**

MAR 2 2 2004

**JAMES BONINI, Clerk**
CINCINNATI, OHIO

## Other Orders/Judgments
1:01-cv-00714-HJW USA v. 1704 Hidden Hills Rd, et al

## U.S. District Court

### Southern District of Ohio

Notice of Electronic Filing

The following transaction was received from ph, entered on 3/12/2004 at 1:14 PM EST and filed on 3/12/2004

**Case Name:** USA v. 1704 Hidden Hills Rd, et al
**Case Number:** 1:01-cv-714
**Filer:**
**Document Number:** 29

**Docket Text:**
DEFAULT JUDGMENT AND DECREE OF FORFEITURE. Signed by Judge Herman J. Weber on 3/12/04. (Attachments: # (1) A - F)(ph, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=3/12/2004] [FileNumber=192426-0]
[6aadcef452da5610193900bce15381d88d7412373ca53ffb4da0593b0e5d1c959ca9
685954c1787ac4abbc9385d07bb701d04c0982ab9970e9d1bda95543c085]]

**Document description:** A - F
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=3/12/2004] [FileNumber=192426-1]
[a3dc59dc520327f5f8bd368d97c55f6ffb68972e9837e0ad63238c58ab2d9704f217
b5dcfb3fb11b1f66f2b4a7a0005e041bfc37f794bab0e41743403627e5be]]

**1:01-cv-714 Notice will be electronically mailed to:**

Kathleen Mary Brinkman　　kathleen.brinkman@usdoj.gov,
maryann.arrasmith@usdoj.gov;deborah.grimes@usdoj.gov;michelle.kamphaus@usdoj.go

Richard Jay Goldberg　　richjgoldberg@yahoo.com,

**1:01-cv-714 Notice will not be electronically mailed to:**

John Robert Andrews
Schuh & Goldberg
2662 Madison Road
Cincinnati, OH 45208

John Matthew Cloud
Snell, Rogers & Greenberg - 3
2160 Kettering Tower
Dayton, OH 45423

Janet Curtis
4075 Twin Lakes Circle
Dayton, OH

Kenneth Curtis
4075 Twin Lakes Circle
Dayton, OH

Roger Market
3108 Riverview Drive
Eau Claire, WI 54703

Vicki Market
3108 Riverview Drive
Eau Claire, WI 54703

Paul E Schwarz
Adams Stepner Woltermann & Dusing
PO Box 861
40 W Pike Street
Covington, KY 41012-0861

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF,<br><br>V.<br><br>REAL PROPERTY KNOWN AND<br>NUMBERED AS 1704 HIDDEN HILLS<br>ROAD, NO. 607, GATLINBURG, SEVIER<br>COUNTY, TENNESSEE, WITH ALL<br>APPURTENANCES, IMPROVEMENTS,<br>AND ATTACHMENTS THEREON, et al.<br>DEFENDANTS. | CASE NO. 1:01-cv-714<br>(consolidated with 1:01-cv-715<br>and 1:01-cv-716) |

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

The United States filed three verified Complaints for Forfeiture in Rem on October 16, 2001. This Court consolidated the civil forfeiture actions on March 21, 2002.

The civil forfeiture actions were brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture to the United States of:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

On October 26, 2001, the Court recognized the jurisdiction it had over the defendants when it issued a Writ of Entry. Writs of Entry also issued by Judge Beckwith on October 19, 2002 and by Senior Judge Spiegel on October 18, 2002.

On November 13, 2001, the United States served by certified mail on George Fiorini, in his individual capacity and as the Trustee of the I.G.W. Trust, the complaints, forfeiture notices, summons, and interrogatories. The United States Postal Service returned receipts of delivery.

On November 13, 2001, the United States served by certified mail on Vicki Fiorini, the complaints, forfeiture notices, summons, and interrogatories. The United States Postal Service returned a receipt of delivery.

On January 19, 2002, an IRS Agent personally served on Roger Market and Vicki Market copies of the complaints, forfeiture notices, summons, and interrogatories. On February 19, 2002, Roger Market and Vicki Market each filed a claim to the real property located at Condominium # 802, Building B, 9393 Midnight Pass Road, Sarasota, Florida. Roger Market and Vicki Market each filed an answer on April 8, 2002. The United States has informed the Court that it does not seek a default or forfeiture judgment against Condominium #802 at this time.

On January 22, 2002, the United States served by certified mail on Save, Inc., the complaint, forfeiture notice, and summons. The United States Postal Service returned a receipt of delivery.

On January 22, 2002, the United States served by certified mail on Arden V. Yakimow, the complaint, forfeiture notice, and summons. The United States Postal Service returned a receipt of delivery.

The United States attempted to serve notice of this civil forfeiture action on Michael Fiorini at his last known address located at 5973 Oakapple Drive, Cincinnati, Ohio 45248, but the United States Postal Service returned a notice indicating "Unclaimed". On January 25, 2002, while executing a writ of entry, an IRS Agent left copies of the complaint, forfeiture notice, and summons inside the property located at 5973 Oakapple Drive. On January 29, 2002, the United States served on Michael Fiorini the complaint, forfeiture notice, summons, and interrogatories

2

by certified mail at 7641 Wesselman Road, Cleves, Ohio 45002, and a receipt of delivery was returned.

The summons and forfeiture notice directed any person or entity claiming an interest in the defendants to file a claim, that is a statement of interest in or right against the defendants, with the Clerk of the Court within thirty (30) days after the earlier of receiving actual notice of execution of process against the defendants or completed publication of notice and to file an answer to the United States' complaint within twenty (20) days after the filing of the claim.

On March 19, 2002, March 26, 2002, and April 2, 2002, the United States published notice of the proposed forfeiture of the defendant property in the Cincinnati Court Index Press. On March 21, 2002, March 28, 2002, and April 4, 2002, the United States published notice of the proposed forfeiture of the defendant property in The Mountain Press in Sevierville, Tennessee. On March 20, 2002, March 27, 2002, and April 3, 2002, the United States published notice of the proposed forfeiture of the defendant property in the Sarasota Herald Tribune in Sarasota, Florida.

On January 14, 2002, Judge Beckwith granted a Default Judgment to the United States against Vicki Fiorini.

On March 8, 2002, Senior Judge Spiegel granted a Default Judgment to the United States against George Fiorini, in his individual capacity and as Trustee of the I.G.W. Trust; the I.G.W. Trust; and Vicki Fiorini.

On March 13, 2002, this Court granted a Default Judgment to the United States against George Fiorini and the I.G.W. Trust.

On April 2, 2002, the United States dismissed real property located at 7641 Wesselman Road from this civil forfeiture action.

On April 26, 2002, Kenneth Curtis and Janet Curtis filed a "Petition," and the Curtises filed an "Answer" on May 13, 2002. On May 7, 2003, this Court granted the United States' motion to strike the Curtises' "Petition" and "Answer".

On May 7, 2003, this Court granted a Default Judgment to the United States against Michael Fiorini.

On December 5, 2003, the United States served by certified mail on Evelyn Schaefer the complaint, forfeiture notice, and summons. The United States Postal Service returned a receipt of delivery. Evelyn Schaefer filed a claim, asserting an interest in 3514 Boudinot Avenue, on December 30, 2003 and an answer on January 20, 2004. The United States has informed the Court that it does not seek a default or forfeiture judgment against 3514 Boudinot Avenue at this time.

On January 30, 2004, the United States entered into a Settlement Agreement with The Pointe Association ("the Association") in which the United States agreed to pay all unpaid assessments and interest due the Association. The United States has informed the Court that upon the forfeiture and sale of the condominiums, it will pay the Association in accordance with the Settlement Agreement.

As of March 4, 2004, Arden V. Yakimow and Save, Inc. have not filed claims to the subject property and answers to the United States' complaints.

On March 8, 2004, the Clerk of this Court entered a default against following:

1. Real property known and numbered as 1704 Hidden Hills Road, No. 607, Gatlinburg, Sevier County, Tennessee with all improvements, appurtenances, and attachments thereon (Attachment A);

2. Real property known and numbered as 2110 St. Leo Place, Cincinnati,

Hamilton County, Ohio with all improvements, appurtenances, and attachments thereon (Attachment B);

3. Real property known and numbered as 5973 Oakapple Drive, Cincinnati, Hamilton County, Ohio with all improvements, appurtenances, and attachments thereon (Attachment C);

4. Real property known and numbered as 3392 Fiddlers Green Road, Cincinnati, Hamilton County, Ohio with all improvements, appurtenances, and attachments thereon (Attachment D);

5. Real property known and numbered as Condominium #405, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida with all appurtenances, improvements, and attachments thereon (Attachment E);

6. Real property known and numbered as Condominium #P3, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida, with all appurtenances, improvements, and attachments thereon (Attachment F);

(collectively, "the subject property") Arden V. Yakimow; Save, Inc.; and all other persons and entities having an interest in the subject property for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

Therefore, it is hereby ORDERED that, in accordance with Fed. R. Civ. P. 55(b)(2), 18 U.S.C. § 983(a)(4)(A) and (B), and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims a default judgment is granted to the United States against the subject property, Arden V. Yakimow, Save, Inc., and all other persons and entities having an interest in the subject property for failure to file a claim and answer.

It is further ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the subject property is CONDEMNED and FORFEITED to the United States pursuant to 18 U.S.C. § 981(a)(1)(A). All right, title, and interest in the subject property is vested in the United

States of America and no right, title, or interest shall exist in any other person or entity. The United States Department of the Treasury shall dispose of the subject property in accordance with the law.

_____
Herman J. Weber
SENIOR UNITED STATES DISTRICT JUDGE

## ATTACHMENT A

Real property known and numbered as 1704 Hidden Hills Road, No. 607, Gatlinburg, Sevier County, Tennessee, which is further described as follows:

SITUATE, LYING AND BEING in the Second (2nd) Civil District of Sevier County, Tennessee, and being within the corporate limits of the City of Gatlinburg, Tennessee, and being known and designated as UNIT NO. 607, BUILDING 2, OF THE LeCONTE TOWERS CONDOMINIUMS, a Horizontal Property Regime, as the same appears on a plat entitled "Condominium Plat of LeConte Towers," of record in Map Book 24, Page 144, and in Map Book 25, Page 78; together with such general and limited common elements and common elements as are appurtenant thereto, as described in the Master Deed of record in Warranty Book 326, Page 491; as re-recorded in Warranty Book 327, Page 724, and Warranty Book 328, Page 282 and as restated and/or amended by Amended and Restated Master Deed dated as of March 29, 1989, of record in Deed Book 418, Page 191, all in the Sevier County Register's Office, to which plat reference is hereby made.

SAID property is subject to the restrictions, covenants, easements, and conditions as set out in the Master Deed of record in Warranty Book 326, Page 491; as re-recorded in Warranty Book 327, Page 724, and Warranty Book 328, Page 282, and as restated and/or amended by Amended and Restated Master Deed dated as of March 29, 1989, of record in Deed Book 418, Page 191, in said Register's Office.

BEING the same property conveyed to Carl Ziesmann, Et Ux, by Warranty Deed from William L. Black, Et Ux, dated June 6, 1994 and of record in Warranty Deed Book 522, Page 102, in the Register's Office of Sevier County, Tennessee.

Prior Deed Reference: Book 1093, Page 782 of the Sevier County, Tennessee records.

**ATTACHMENT B**

Real property known and numbered as 2110 St. Leo Place, Cincinnati, Hamilton County, Ohio, which is further described as follows:

> Situated in Section 32, Township 3, Fractional Range 2 Millcreek Township, Hamilton County, Ohio, and being more particularly described as follows:
>
> Being all of Lot Number 145 of Fairwood Acres Subdivision, Block "E" as recorded in Plat Book 276, Page 89 & 90 of the Plat Records of Hamilton County, Ohio.
>
> Prior Deed Reference: Volume 5011, Page 14 of the Hamilton County, Ohio records.

## **ATTACHMENT C**

Real property known and numbered as 5973 Oakapple Drive, Cincinnati, Hamilton County, Ohio, which is further described as follows:

> Situate in Section 21, Town 2, Fractional Range 2, Green Township, Hamilton County, Ohio, and being known as Lot No. 43 of Oak Hills Subdivision, Block E, a plat of which is recorded in Plat Book 89 page 28 of the Hamilton County, Ohio Recorder's Office.
>
> Prior Deed Reference: Volume 7873, Page 40 of the Hamilton County, Ohio records.

## ATTACHMENT D

Real property known and numbered as 3392 Fiddlers Green Road, Cincinnati, Hamilton County, Ohio, which is further described as follows:

> Situated in Section 32, Town 2, Fractional Range 2, Green Township, Hamilton County, Ohio, and being more particularly described as follows:
>
> From the intersection of the centerline of Fiddlers Green Road with the center line of Leibel Road, North 20° 36' East along the center line of Fiddlers Green Road, 364.25 feet to an angle point; thence continuing along said center line North 5° 3' East 270.76 feet to a point for the place of beginning.
>
> Thence continuing North 5° 31' East along the center line, 66.40 feet to an angle point; thence North 28° 14' East along said center line, 14.74 feet; thence South 84° 29' East, 299.27 feet; thence 5° 31' West, 80 feet; thence North 84° 29' West, 304.96 feet to a point and place of beginning. Containing 0.559 acres.
>
> Prior Deed Reference: Volume 7391, Page 1830 of the Hamilton County, Ohio records.

## **ATTACHMENT E**

Real property known and numbered as condominium #405, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida, which is further described as follows:

> Unit 405. Building B, THE POINTE ON MIDNIGHT PASS, a Condominium according to the Declaration of Condominium recorded in Official Record Book 1090, Page 745, and all amendments thereto, and as per plat thereof recorded in Condominium Book 8, Page 45, of the Public Records of Sarasota County, Florida.
>
> Prior Instrument Number: 1998106493, recorded in the Official Records of the Clerk of Circuit Court, Sarasota, Florida.

## ATTACHMENT F

Real property known and numbered as condominium #P3, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida, which is further described as follows:

Unit Penthouse 3, Building B, THE POINTE OF MIDNIGHT PASS, a Condominium according to the Declaration of Condominium recorded in Official Record Book 1090, Page 745, and subsequent amendments thereto, and as per plat thereof recorded in Condominium Book 8, Pages 45, 45A and 45B, of the Public Records of Sarasota County, Florida.

Prior Instrument Number: 1998071479, recorded in the Official Records of the Clerk of Circuit Court, Sarasota, Florida.