UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

A+K FILED
JAMES BOHINI
CLERK

04 APR 28 PM 3:24

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C-1-01-714 |
| Plaintiff, | |
| V. | JUDGE WEBER |
| George J. Fiorini,II, | |
| Accused/Injured Party | **MOTION FOR SUMMARY DISMISSAL** |

Comes now, George J. Fiorini,II, to move the above entitled Court to dismiss the above entitled action. George J. Fiorini,II, acting pro CE, due to the nonperformance, ineffectiveness, and incompetence of Assistant Federal Public Defender, W. Kelly Johnson (0037211), respectfully requests that the United States District Court, Southern District of Ohio, Western Division, move to Summary Dismissal of all the Plaintiff's claims against the Accused/Injured Party, George J. Fiorini,II.

George J. Fiorini,II, has made every effort to cooperate with the Court and provide them with the FACTS necessary to prove his innocence beyond a shadow of a doubt. Mr. Fiorini has presented the Plaintiff with Documents of Statements of Facts in the Affidavit Form. These Statements of Facts have not been contested, rebutted, or disputed.

A non-rebutted, non-disputed Affidavit and Statement of Facts stands as Material Facts. In this case, it is clear from the non responsive default answers rendered by the Plaintiff, that the Material Facts are agreed to as Truth in Fact and are not in dispute. Applying the Law to these Facts reveals entitlement to judgment as a matter of Law in favor of the Accused/Injured Party on all the Plaintiff's claims.

Since the Plaintiff has failed to sustain his burden of proof on these claims, the Accused/Injured Party is entitled to have these dismissed." The Accused/Injured

Party has included in its Motion for Summary Dismissal Judgment, a Statement of Uncontested Facts as required, proving that there is an absence of conflicting inferences and proof that the Accused/Injured Party has established beyond a doubt that the Plaintiff can prove no set of facts in support of their claims.

The moving party on a Motion for Summary Judgment has the initial burden of demonstrating the absence of a genuine issue of material fact, OFCCP V. Holly Farms Foods, Inc., 91-OFC-15. The Accused/Injured Party has proved through Uncontested Affidavits and Statements of Facts that there is absence of any genuine issue of material fact and that the Accused/Injured Party is entitled to a summary decision provided by Regulation 29CFR18.40. There are no outstanding issues of fact.

There are no Material Facts in dispute. It is appropriate to grant a Motion for Summary Judgment when there are no material facts in dispute, thus permitting the deciding official to make a determination solely on the law of the case. OFCP V. Norfolk & Western Railway Co., 93-OFC-4(1995).

Since the Plaintiff has failed to sustain his burden of proof on these claims, the Accused/Injured Party is entitled to have these claims dismissed. All of the Plaintiff's claims are subject to Summary Judgment in favor of the Accused/Injured Party. No Material Facts are in dispute and as a matter of law, judgment must be entered in favor of the Accused/Injured Party.

A valid purpose for this interlocutory procedure is to save expense of litigants and time connected with trial when the undisputed facts indicate that a party could not prevail. O.C.Kinney, Inc. V. Paul Hardman, Inc., 151Colo. 571,379 P.2d 628 (1963). The Material Facts prove that the Plaintiff could not prevail.

The Accused/Injured Party has proven that he is entitled to prevail. When a party is entitled to prevail as a matter of law, summary judgment is proper. Danelle V. City of Englewood, 740 P. 2d 5361 (Colo. App. 1987); Happy Canyon Investment Co. V. Title Insurance of Minnesota, 38 Colo. App. 385,560 P. 2d 819 (1976); Phelps V. Gates, 40 Colo. App. 504,580 P. 2d 1268 (1978).

Judgment sought shall be rendered forthwith if the pleadings ...together with the Affidavits, show that there is no genuine issue as to any material fact and that the moving party, George J. Fiorini, II, is entitled to a judgment in his favor as a matter of law. Res ipso facto.....the facts speak for themselves!

Therefore, the Accused/Injured Party prays that this Court would dismiss the case against me and force the Plaintiff to end any and all actions in this matter against me and my family.

Respectfully submitted,

*[signature]*

George J. Fiorini, II
7641 Wesselman Rd.
Cleves, Ohio 45002

Comes this day, George J. Fiorini,II, acting pro CE, not an expert in the law, however, I do know right from wrong. If there is any human being damaged by any statements herein, if he will inform me by facts, I will sincerely make every effort to amend my ways. I hereby and herein reserve the right to amend and make amendment to this document as necessary in order that the truth may be ascertained and proceedings justly determined. If the parties given notice by means of this document have information that would controvert and overcome this Affidavit, please advise me IN WRITTEN AFFIDAVIT FORM within ten (10) days from receipt hereof, providing me with your counter affidavit, proving with particularity by stating all requisite actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or conclusions of law, that this Affidavit Statement is substantially and materially false sufficiently to change materially my status and factual declarations. Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact as a matter of law. May the will of our Heavenly Father, through the power and authority of the blood of His Son be done on Earth as it is in Heaven.

BE IT ACKNOWLEDGED, that George J. Fiorini,II, the Undersigned deponent, being of legal age, hereby depose and say under oath as follows (or as set forth on the signed addendum annexed and incorporated herein):

Witness my hand under the penalties of perjury this fourteenth day of January 2004.

State of Ohio

County of Hamilton

*[signature: George J. Fiorini II]*

Then personally appeared Who acknowledged the foregoing, before me.

*[signature: Heidi L. Greer]*
Notary Public

My Commission Expires:

HEIDI L. GREER
Notary Public
State of Ohio
My Commission Expires December 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Judge Weber and Daniel J. Pieschel this 28th day of April 2004.

George J. Fiorini, II, pro se
7641 Wesselman Road
Cleves, Ohio 45002
Ph. (513) 353-9797
Fax. (513) 353-9747

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DISTRICT

UNITED STATES OF AMERICA                      CASE NO. C-1-01-714

v.                                             JUDGE WEBER

George J. Fiorini II                           MEMORANDUM OF POINTS AND
                                               AUTHORITIES

## TABLE OF AUTHORITIES:

Affidavits and Statements of Facts- George J Fiorini II

Alexis V. District of Columbia, 44F.Supp 2d 331, 336(D.D.C 1999)

American Jurisprudence Volume 5 attachment and Garnishment 655 to end to automobiles

Bastian V. County of San Luis Obispo (1988) 199 Cal App. 3d 520, 533, 245 Cal Rptr. 78)

Black's Law Dictionary (Rev. 4th Ed.1968)

Conley V. Gibson, 335 U.S. 41, 45-46, 78 S. Ct. 99, 103-106(1957)

Controlled Substances Act

Criminal Resource Manual 2208

Danelle V. City of Englewood, 740 P.2d 536(colo.App.1987)

Deuteronomy 19:15-21

Federal Bureau of Investigation Asset Forfeiture Manual

1

Federal Rules of Criminal Procedure- Rule 12

FDIC: Law, Regulations, Related Acts

Happy Canyon Investment Co. V. Title Insurance Co. of Minnesota, 38 Colo. App.385, 560 P.2d 819(1976)

Kowal V. MCL Communications Corp., 16F.3d 1271, 1276, 305 Us. App.D.C.6, 11(D.C. Cir.1994)

Maljack Productions, Inc.V. Motion Picture Ass'n of Am. INC., 311 U.S. App D.C. 224, 226, 52F.3d 373,375(D.C.Cir. 996)

O.C. Kirney, Inc. V. Paul Hardman, Inc. 151 colo.571, 379P.2d 628 (1963)

OFCCP V. Holly Farms Foods, Inc., 91-OFC-15.

Papasan V. Evans- Afflict, C.A. 92-2384(TFH) (PJA) 1993 U.S. Dist LEXIS 16425,*7(D.D.C. Nov. 18, 1993)

Phelps V Gates, 40 Colo. App.504, 580 P.2d 1268(1978)

Securities and Exchange Commission V. Blake A. Prater and Wellspring Capital Group, INC. (2003) CT. 3:03CV1524 (MRK)

Securities and Exchange Commission V. Silicon Graphics, INC. C 96-0393 FMS (1997)

Sheridan Wyoming Coal Co. V. Krug, 83 U.S. App. 162, 164, 168 F.2d 557, 559(1948)

St. Clair V. City of Chico, 880F.2d 199, 201(9th Cir.1989)

The people of Texas Ex Rel. Robert James Fox on behalf of Ronald Craig Gradle Petitioner V. Tarrant County Sheriff no.845891

The Report of Commission to Reform the Federal Grand Jury

Thornhill Publ'g Co, Inc. V General Tel. & Electronics Corp., 594 F.2d 730, 733(9th Cir. 1979) supra, 594 F. 2d 733.

U.S. Supreme Court, Gentile V. Nevada, 501 U.S.1030 (1991)

United States Constitution. 4, 5, 6, 7, 8, 9, 13 (Amendments)

United States Constitution, Article 1 Section 10

United States V. Ayarza- Garcia, 819 F.2d 1043(11 Cir.1987)

United States V. Deavours, 219 F.3d 402

United States V. Fox, 766 F.Supp.569 as cited at 18 USCA 1546(a) 91991) CR3-90-0288-H

United States V. Lauer 148F 3d 7th (1998)

United States of America V. Jeffrey Gene Sciba [TX. 3:99-077-M (1999)]

U.S.C. 5 section 556(d), 557, 706

U.S.C. Title 18, 982, 1341, 1343, 1956, 1957, 2314

U.S.C. Title 21, 853

Walbrook Insurance V. Liberty Mutual Insurance (1992)5 Cal. App.4th 1445, 1461, 7 cal.Rptr.1d 513

W.C. & A.N. Miller Cos. V. United States, 963 F. Supp 1231, 1235(D.D.C.1997)

Whitacre V. Davey, 281 U.S. App. D.C. 363, 363n.1, 890F.2d 1168, 1168n.1 (1989)

**INTRODUCTION:**

George J. Fiorini II, happily married to his high school sweetheart, Vicki, for 33 years is the father of four and grandfather to seven. Hardworking, successful and respected in his community, Mr. Fiorini owned and operated the Fiorini Agency, marketing insurance and annuity products that were approved and regulated by the State of Ohio Department of Insurance.

In 1995, George Fiorini and Bob Braun did commercials together to advertise the "10% Income Plus Plan" which was the same insurance and annuity plan that had been

3

approved by the State of Ohio Department of Insurance and offered to the public since 1976. The commercials were advertised on WSAI, WLW, Christian Radio, and Warner Cable TV, Channels 5- 9- 12. The Fiorini Agency sponsored Howard Ain and many sports events. The 10% Income Plus Plan was an excellent plan that provided value and benefits to its policy holders.

The late Bob Braun and the television and radio stations have been vindicated of any wrongs, real or imagined in this matter and their reputations have been restored. George J. Fiorini II now comes forward and prays to The Court to make him whole and restore his good name.

George J. Fiorini II set up a lawful trust account in the State of Ohio in 1995 that he named the I.G.W Trust. I.G.W. stood for "In God We" Trust. He was unaware, that in the State of Texas, a trust by the same name existed which was in trouble and under investigation for wrongdoings.

Complications surfaced when a client of the Fiorini Agency was wrongfully advised by his insurance agent that I.G.W. Trust was under investigation. Panic, that monies might not be secure prompted calls to the Ohio Board of Securities, Howard Ain, and the Stations that Bob Braun and George Fiorini advertised on.

The condition was amplified when Howard Ain rushed out and did a troubleshooting expose on I.G.W. Trust without doing his homework and discovering that he was trashing

4

the wrong G.W.Trust. Bob Braun and George Fiorini, knowing that Howard Ain was promoting false allegations against the innocent Ohio trust attempted to educate Ain as to the truth and facts that they had discovered, regarding the troubled Texas trust with the same name. Ain refused to retract his statements and make a public apology regarding his slander and libelous mistake. Irreparable damage was inflicted upon Braun and Fiorini, whose prior business history had never seen a single complaint.

In 1999, George J. Fiorini II was employed by a company called Guardian Investment, to be a marketing/sales representative. The principals were Terry Quinn and his cousin Steve Ventre. Guardian Investment was formed as a "legal offering" whose goal was to raise capital to purchase a company called Sanitec. Sanitec is a medical waste disposal company that had a new type of technology that could destroy waste safely.

Fiorini did extensive research on the industry and its potential for profit. He traveled to New Jersey to view the plant operations, considering that his new job was a wonderful opportunity. Terry Quinn negotiated a salary agreement with Fiorini. Ventre and Quinn did not perform as the contract specified. They stole monies and property from Fiorini. Fiorini's position with Guardian is only that of a past employee and a creditor.

An actionable FRAUD has been perpetrated upon George J. Fiorini II to damage his good name and reputation, deprive him of his liberty, secure contributions against his will, and reduce him to a condition of peonage by means of relentless abuse under color of law. Accordingly, by law, all claims against the Defendant must be dismissed with

5

prejudice

## ARGUMENT:

I.     George J. Fiorini II presents this Motion pursuant to Rule 12 of the Federal Rules of Criminal Procedure on the ground that the Court lacks subject matter jurisdiction. Rule 12 provides Mr. Fiorini with the authority to bring this motion by providing, inter alia: "Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." "Fed. Rules of Criminal Proc.12 (b), see also United States V. Ayarza- Garcia, 819 F. 2d 1043(11 Cir. 1987) (stating:" Questions of subject matter jurisdiction may be raised under Rule 12(b)"), cert. denied, Ayarza-Garcia V. United States, 484 U.S. 969(1987). The burden to prove subject matter jurisdiction rests with the government. Thornhill Publ"g Co., Inc. V. General Tel. & Electronics Corp., 594F.2d 730,733(9th Cir. 1979). The Plaintiff must "present affidavits or any other evidence necessary to satisfy its burden." St. Clair V. City of Chico, 880 F.2d at 199, 201 (9th Cir. 1989). The Plaintiff's allegations are not presumed to be truthful. Thornhill Publ'g Co., Inc. V. General Telephone& Electronics Corp., Supra, 594 F. 2d at 733. The Plaintiff's allegations are not truthful and they have not presented any evidence necessary to satisfy its burden. Accordingly, by law, all claims against the Defendant must be dismissed with prejudice.

6

II. It is clearly evidenced that the Plaintiff unlawfully violated the Defendant's Right to Due Process. Once due process is denied ALL jurisdiction ceases. (5.U.S.C. Section 556(d), 557, 706 where for any alleged jurisdiction has already been voided by the denial of due process witnessed, documented and evidenced by the persecution and abuse perpetrated upon the Defendant and his family by the Plaintiff and accordingly, by law, all claims against the Defendant must be dismissed with prejudice.

III. The defendant has clearly proven the Material Facts. The Plaintiff has not contested, rebutted or disputed the facts which now stand as Truth in Fact and are not in dispute. The Plaintiff has not proven any set of facts. "A claim must be dismissed if it appears beyond doubt that the Plaintiff can prove no set of facts in support of the claim that would entitle the Plaintiff to relief" W.C. & A.N. Miller Cos. V. United States, 963 F. Supp 1231, 1235(D.D.C. 1997) (citing Conley V. Gibson, 335 U.S. 41, 45-46 78 S. Ct. 99, 103-106 (1957). Accordingly, by law, all claims against the Defendant must be dismissed with prejudice.

IV. When considering a motion to dismiss, however, the Court need not accept inferences drawn by Plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the Court accept legal conclusions cast in the form of factual allegations." Kowal V. MCL Communications Corp., 16 F.3d

7

1271, 1276, 305 US. App. D.C. 6, 11(D.C. Cir. 1994) (citing Papasan V. Allain, 478 U.S. 265, 286 106 S. Ct. 2923 2924 (1986)): see also Alexander V. Evans-Afflick, C.A. 92-2384 (TFH)(PJA), 1993 U.S. Dist LEXIS 16425,*7(D.D.C. Nov. 18, 1993) The Plaintiff has failed to support their inferences with fact. Plaintiff's allegations are not factual. Accordingly, by law, all claims against the Defendant must be dismissed with prejudice.

V. Conclusory allegations of required elements of claims that are not supported by alleged facts tending to prove those elements are insufficient. Courts are not required to accept legal conclusions as true in considering a motion to dismiss); Whitacre V. Davey, 281 U.S. App.D.c.363, 363n.1, 890F.2d 1168, 1168n.1 (1989) (court not required to assume that legal conclusions are true); Alexis V. District of Columbia, 44F.Supp 2d 331, 336(D.D.C 1999) ("the Court need not accept as true the Plaintiff's legal conclusions"). Indeed, "the court must not accept inferences drawn by the Plaintiff if they are unsupported by the facts, nor must the court accept purely legal conclusions masked as factual allegations. "W.C. & A.N. Miller Cos. V. United States, 963F Supp.1231, 1235(D.D.C. 1997) (citing Maljack Productions, Inc. V. Motion Picture Ass'n of Am. INC., 311 U.S. App. D.C. 224,226,52F.3d 373,375(D.C.Cir.1996); Sheridan Wyoming Coal Co. V. Krug, 83 U.S. App. D.C.162, 164, 168 F.2d 557, 559(1948) The legal conclusions drawn by the Plaintiff are not true. The Plaintiff's

8

claims, not being supported by facts, prove the elements to be insufficient. Accordingly, by law, all claims against the Defendant must be dismissed with prejudice.

VI. The Plaintiff can not demonstrate a probability that it will prevail on its claims. As demonstrated below, Plaintiff cannot meet its burden of establishing a probability (FN6) that it will prevail on the merits of its claims, as required by section 425.16(b) [FN7] Therefore, this special motion for Summary Dismissal should be granted and accordingly, by law, all claims against the Defendant be dismissed with prejudice.

A.FN6] "Probable" is synonymous with "likely" and "probability" is synonymous with "likelihood". (Walbrook Insurance V. Liberty Mutual Insurance(1992)5 Cal. App. 4th 1445, 1461, 7 Cal.Rptr.2d 513; see also Black's Law Dictionary (Rev.4th Ed.1968) p.1364 ["probability" means "likelihood"].) "A probable" consequence is one more likely to follow its cause than not..." (Bastian V. County of San Luis Obispo (1988) 99 Cal App. 3d 520,533,245 Cal Rptr.78)

VII. "Judgment sought shall be rendered forthwith if the pleadings, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" [C.R.C.P.56(c)] The Plaintiff has not rebutted, contested or

9

challenged the Facts which now stand in this case as Material Facts. The pleadings, together with the Affidavits clearly reveal that there is no genuine issue as to any material fact. Accordingly, by law, all claims against the Defendant must be dismissed with prejudice.

VII. When the undisputed facts indicate that the Plaintiff could not prevail, the time and expense of going to trial is to be saved and the Defendant is entitled to prevail as a matter of law. A Summary Dismissal Judgment in favor of the Defendant is proper. Accordingly, by law, all claims must be dismissed against the Defendant. O.C. Kinney, Inc. V. Paul Hardman, Inc., 151 Colo.571, 379 P.2d 628(1963). Danelle V. City of Englewood, 740 P.2d 536(colo.App.1987); Happy Canyon Investment Co. V. Title Insurance Co. of Minnesota, 38 Colo. App.385, 560 P.2d 819(1976); Phelps V. Gates, 40 Colo. App. 504, 580 P.2d 1268(1978)

VIII. The moving party on a motion for summary dismissal has the initial burden of demonstrating the absence of a genuine issue of material fact. OFCCP V. Holly Farms Foods, Inc., 91-OFC-15. The Defendant has proved beyond any shadow of the doubt, by means of uncontested Statements of Fact that there is absence of any genuine issue of material fact. Accordingly, by law, all claims against the Defendant must be

10

dismissed with prejudice.

IX. The Ninth Circuit affirmed the District Court's granting of summary judgment in favor of the Defendants based upon the D&O Defendant's "uncontested affidavits" denying any wrongdoing. [Silicon Graphics, INC., Sec Lit., 183 F. 3d 970 ((Cir. 1999)].

Accordingly, by law, all claims against the Defendant must be dismissed with prejudice.

**CONCLUSION:**

Defendant George J. Fiorini II, pro se, hereby moves to dismiss with prejudice all claims against him and prays to the Court to dismiss this action. The Plaintiff has unlawfully denied the Defendant's testimony, withheld vital evidence from the Court and the Grand Jury, and denied the Defendant's right to Due Process, denied the defendant his right to a speedy trial and has Obstructed Justice. They have not proven any set of facts necessary to support their claims. THEREFORE, defendant George J. Fiorini II respectfully requests that the motion for summary dismissal be granted and that all claims against him be dismissed with prejudice.

Respectfully Submitted,

Dated: January 14, 2004

George J. Fiorini II
7641 Wesselman Rd.
Cleves, Ohio 45002

12

I certify that this is a true and correct copy of the original filed in my office on 1-14-04
JAMES BO[...], CLERK
BY: [signature]
Deputy Clerk
DATE: 1-14-04

Comes this day, George J. Fiorini, II, acting pro CE, not an expert in the law, however, I do know right from wrong. If there is any human being damaged by any statements herein, if he will inform me by facts, I will sincerely make every effort to amend my ways. I hereby and herein reserve the right to amend and make amendment to this document as necessary in order that the truth may be ascertained and proceedings justly determined. If the parties given notice by means of this document have information that would controvert and overcome this Affidavit, please advise me IN WRITTEN AFFIDAVIT FORM within ten (10) days from receipt hereof, providing me with your counter affidavit, proving with particularity by stating all requisite actual evidentiary fact and all requisite actual law, and not merely the ultimate facts or conclusions of law, that this Affidavit Statement is substantially and materially false sufficiently to change materially my status and factual declarations. Your silence stands as consent to, and tacit approval of, the factual declarations herein being established as fact as a matter of law. May the will of our Heavenly Father, through the power and authority of the blood of His Son be done on Earth as it is in Heaven.

BE IT ACKNOWLEDGED, that George J. Fiorini, II, the Undersigned deponent, being of legal age, hereby depose and say under oath as follows (or as set forth on the signed addendum annexed and incorporated herein):

Witness my hand under the penalties of perjury this fourteenth day of January 2004.

State of Ohio

County of Hamilton

*[signature: George J. Fiorini]*

Then personally appeared Who acknowledged the foregoing, before me.

*[signature: Heidi L. Greer]*
Notary Public

My Commission Expires:

HEIDI L. GREER
Notary Public
State of Ohio
My Commission Expires December 19, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon Judge Weber and Daniel J. Pieschel this 28th day of April 2004.

George J. Fiorini, II, pro se
7641 Wesselman Road
Cleves, Ohio 45002
Ph. (513) 353-9797
Fax. (513) 353-9747