FILED
JAMES BONINI
CLERK

04 APR 28 PM 3:20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

V.

George J. Fiorini, II

    Affiant,

CASE NO. C-1-01-714

JUDGE WEBER

**ENTRY OF APPEARANCE OF
TRIAL COUNSEL** (FEB.4,2004)
George J. Fiorini, II, Response
To ENTRY: Statement Hearing

Affidavit of George J. Fiorini, II

Being duly sworn, affiant states:

CLAIM, FOR THE TRUTH OF THE OATH IS WITH THE CLAIM OF THE FACTS

---

NOW COMES George J. Fiorini, II, before this Court to OBJECT to the

ABOVE-ENTITLED.

Isn't it true that George J. Fiorini, II, ( hereafter referred to as Fiorini ) has a good
rapport with his U.S. Pretrial Services Officer, Todd C. Morris ?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini has been a board member, for a number of years, under
the leadership of Pastor Tim Cummings at New Creations in Richmond, Indiana?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini was planning to attend his pastor friend Tim Cummings'
semi-annual board meeting on October 31, 2003, in Richmond, Indiana?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini knew he had to receive written permission from
Todd C. Morris in order to attend the board meeting in Richmond, Indiana?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Todd C. Morris called Fiorini to inquire if he was going to attend
the board meeting in Richmond, Indiana?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini told Todd C. Morris that he had decided not to attend

the board meeting in Richmond, Indiana?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that the Prosecutors had set a trap for Fiorini in Richmond, Indiana hoping that Fiorini would show up without permission, in order to put him in jail?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini requested permission to travel outside of Ohio on the dates of January 12th to the 15th of January, 2004?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Todd C. Morris was out of his office for a few days and would not grant Fiorini permission until he returned to his office on January 12, 2004?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini decided to cancel his request based on Mr. Morris' decision.

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini requested permission to go to Richmond, Indiana on January 17, 2004, for a personal visit with Tim Cummings at New Creations and visit Studebaker Buick-Pontiac-GMC for a vehicle oil change and return?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Mr. Morris gave Fiorini permission to go?(See Exhibit A)

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini met with Attorney Arenstein at his office on January 6,2004?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini faxed Attorney Arenstein, on January 8,2004, over 100 pages of Fiorini's Statement of Facts with a cover letter and a P.S. to Attorney Arenstein that Fiorini hopes they can come to an agreement, which has never been discussed yet? *(See Exhibit B)*

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini and Attorney Arenstein, to date, have never had a meeting of the minds?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini received a letter dated January 16, 2004, from Attorney Arenstein informing Fiorini that he was to appear before Judge Rose for a hearing, scheduled on January 24, 2004, at 4:00p.m.?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini and Attorney Arenstein had no prior discussion or meeting

concerning this hearing whatsoever?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that minutes before the hearing, Fiorini advised Attorney Arenstein that they should not be having this hearing because they've had no prior discussion or meeting concerning this hearing?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini told Attorney Arenstein that he was concerned that the Prosecutors were trying again to put Fiorini in jail, this time using Judge Rose?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini found out on his own, and not by Attorney Arenstein, that this hearing was on a MOTION to revoke Fiorini's bond and detain him, filed by the Prosecutors?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini told Attorney Arenstein that Fiorini was concerned Todd C. Morris, the U.S. Pretrial Officer, may not be at this hearing?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Arenstein told Fiorini that Todd C. Morris definitely needed to be at the hearing or at least have one of his associates there to represent him?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini and Attorney Arenstein discovered that Todd C. Morris nor any associates of his were at the hearing being held to revoke Fiorini's bond and detain him?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini suggested to Attorney Arenstein to request a hearing extention for the reason that no U.S. Pretrial Officer was present at the hearing being held to revoke Fiorini's bond and detain him?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Arenstein told Fiorini to wait and see what may happen during the hearing?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini was concerned with this hearing and informed Attorney Arenstein that Fiorini was concerned with another issue involving Attorney Arenstein?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini pointed out to Attorney Arenstein that the letter dated January 16, 2004, sent to Fiorini by Attorney Arenstein, concerning this hearing, had the wrong date for the hearing scheduled on January 24, 2004 instead of the true date January 23, 2004?
(See Exhibit C)

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini was concerned that in the matter of the wrong hearing date letter, signed by Attorney Arenstein, may not be just a harmless error?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that had Fiorini not found out, on his own, the correct date of the hearing, and the fact that Todd C. Morris was not at the hearing to defend Fiorini, for sure the Prosecutors would have had Fiorini arrested and put in jail?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that the Prosecutor John DiPuccio used Mike Egner as a witness against Fiorini, when Fiorini did not have Todd C. Morris as a witness for Fiorini?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini objects to Mike Egner's statement that Fiorini committed fraud on loan applications to GMAC based on income, when indeed income had been contracted to Fiorini by Wellspring Capital, Inc. and they have not been adjudicated?
(See Exhibit D)

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini objects to Mike Egner's statement that Fiorini was scheming car deals with Studebaker-Buick-Pontiac-GMC, Inc., and is a threat to society, and that Fiorini should have his bond revoked, when in fact, a week before this hearing date January 17, 2004, Todd C. Morris granted Fiorini permission to visit the car dealership? (see Exhibit A)

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Judge Rose asked for the U.S. Pretrial Officer?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Judge Rose was told that the U.S. Pretrial Officer, Todd C. Morris, was not at the hearing?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that since the U.S. Pretrial Officer, Todd C. Morris was not there, Judge Rose took the matter under advisement?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that when Fiorini visited Todd C. Morris, Fiorini told Mr. Morris that Judge Rose asked about him at the hearing?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Todd C. Morris told Fiorini that he was specifically instructed by Prosecutor John DiPuccio that it was not necessary for Mr. Morris to be at the

hearing?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Todd C. Morris told Fiorini that he was concerned for the fact that Judge Rose may have been upset at his absence and that Mr. Morris said he could have easily been at the hearing had he been properly advised?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Prosecutor John DiPuccio's actions caused delay and wasting of Court time, thus, denying Judge Rose?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that after the hearing Attorney Arenstein, along with Prosecutor John DiPuccio had a private discussion with Judge Rose in his chambers?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that when Attorney Arenstein returned to the Courtroom, he asked Fiorini for a private talk outside the Courtroom, concerning Fiorini's Speedy Trial Rights, dated for March 3, 2004?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Arenstein told Fiorini he could not perform the Court's obligation for Fiorini's Speedy Trial date?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini made it very clear to Attorney Arenstein that Fiorini does not want to give up his Speedy Trial and Fiorini wants an attorney that will help him meet his Speedy Trial date?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Arenstein stated that it is possible the Court could appoint an attorney to meet the Speedy Trial date for March 3, 2004, but that Attorney Arenstein could not?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Arenstein went back into the Courtroom to have another private talk with Judge Rose?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Arenstein came back to Fiorini and informed him that Judge Rose requested a telephone conversation to be held the following week to discuss Fiorini's Speedy Trial date and Fiorini's Motion for Dismissal?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that on September 29, 2003, Judge Weber stated infatically in his Court

that Fiorini's Speedy Trial date would be granted for November 18, 2003?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that, by no fault of Fiorini, Judge Weber recused himself on November 10, 2003?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that on November 25, 2003, Judge Speigel displayed much frustration in his Courtroom toward Prosecutor John DiPuccio for not being ready for Fiorini's Speedy Trial, due November 18, 2003, according to Judge Weber's request?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Judge Speigel questioned Attorney Johnson why Fiorini was denied his right to testify before the Grand Jury on November 5, 2003, because Fiorini had prepared 60 pages of Statement od Facts?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that on November 25, 2003, Prosecutor John DiPuccio made a statement to Judge Speigel that he had a plan prepared to go to trial within 5 to 6 weeks from that date?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Judge Speigel again showed frustration while questioning Prosecutor John DiPuccio as to why he wasn't ready for Trial for the extended weeks he requested from Judge Weber to be ready for Trial, set for November 18, 2003?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that if Prosecutor John DiPuccio was telling the truth to Judge Speigel, then the Speedy Trial date would have been reset for the week of December 28, 2003, or the latest, the week of January 4, 2004, which did not take place?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that, by no fault of Fiorini, Judge Speigel recused himself on November 25, 2003?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that on January 28, 2004, at 1:30 p.m., a four-way telephone conversation was held between Judge Rose, Prosecutor John DiPuccio, Attorney Arenstein, and Fiorini?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that during the telephone conversation, Attorney Arenstein stated to Judge Rose that Fiorini did not want to lose his rights for his Speedy Trial date and that Attorney Arenstein could not do it?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini asked Judge Rose for an attorney that would do his Speedy Trial because Fiorini does not want to lose his right for a Speedy Trial?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that, of no fault of Fiorini, Attorney Johnson asked to be removed?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Steve Meiser volunteered to help Attorney Johnson in preparation for the earlier trial, that was set for October 21, 2003?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Johnson denied any help or assistance offered by Attorney Meiser?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Judge Weber requested files to be dated in the Court by November 3, 2003?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini made every effort to help Attorney Johnson by filing his Statement of Facts, in order to free Attorney Johnson's time to file Motions?
(See Exhibit E)

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that on November 3, 2003, Fiorini showed Attorney Johnson the Statement of Facts prepared to be filed?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that on November 3, 2003, Attorney Johnson advised Fiorini to personally file the Statement of Facts himself, and that he had only ten minutes to do so, because the Clerk's Office would close at 5:00 P.M.?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that, by the help of God, Fiorini was able to make the filing deadline on November 3, 2003, at the last minute?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Johnson deceived Fiorini by not informing Fiorini that Attorney Johnson had already filed an extention that Fiorini was neither aware of or had agreed to?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Attorney Johnson never informed Fiorini of this extension, in fact, Fiorini found out about the extention on his own?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that, by no fault of Fiorini, Attorney Johnson caused the Speedy Trial date to be delayed?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that on December 18, 2003, in Judge Rose's Courtroom, Fiorini said that if Attorney Johnson would abide by the law, Fiorini would want him as Counsel?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini asked Attorney Johnson to sign an agreement to abide by the law?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that, by no fault of Fiorini, Attorney Johnson denied Fiorini's request?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that, by no fault of Fiorini, Judge Rose granted Attorney Johnson's request to be removed?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Judge Rose ended the telephone conversation on January 28, 2004, by saying, for the good of the people, he would take away Fiorini's right to a Speedy Trial?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini made it known to Judge Rose that Fiorini would go on record stating that he does not agree with Judge Rose's decision to take away Fiorini's right to a Speedy Trial, because Fiorini objects to give his rights to the Speedy Trial date, March 3, 2004?

If no answer is forthcoming, **the default answer is** yes it is true.

Isn't it true that Fiorini prays this Court to find his treatment as cruel and unusual punishment, and to force the Prosecutors to dismiss his case with prejudice?

If no answer is forthcoming, **the default answer is** yes it is true.