UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
|     PLAINTIFF, : | CASE NO. 1:01-cv-714 |
| : | (consolidated with 1:01-cv-715 |
| V. : | and 1:01-cv-716) |
| : | |
| REAL PROPERTY KNOWN AND : | |
| NUMBERED AS 1704 HIDDEN HILLS : | SENIOR JUDGE WEBER |
| ROAD, NO. 607, GATLINBURG, SEVIER : | |
| COUNTY, TENNESSEE, WITH ALL : | |
| APPURTENANCES, IMPROVEMENTS, : | |
| AND ATTACHMENTS THEREON, et al. : | |
|     DEFENDANTS. : | |

**UNITED STATES' MOTION TO STRIKE STATEMENT OF FACTS OR DENY
OBJECTION OF GEORGE J. FIORINI, II**

George J. Fiorini, II ("George Fiorini") has filed a Statement of Facts (Doc. 40) in which he "objects" to the United States' "claim to seize Real Property known and numbered as 9393 Midnight Pass Road, Condo #802, Building B, Sarasota, Florida, with all appurtenances, improvements, and attachments thereon[.]" (the "subject property").

The United States requests that the Court strike George Fiorini's Statement of Facts because George Fiorini is not the owner of the subject property and has no standing to object to its seizure or forfeiture. In the alternative, the United States requests that the Court deny George Fiorini's objection to the forfeiture.

Memorandum

George Fiorini is not the owner of the subject property. As evidenced by Attachment A hereto, the Warranty Deed for the subject property, Vicki G. Fiorini and Roger and Vicki Market each own an undivided one-half interest in the subject property.

The United States has served notice of its forfeiture action against the subject property to all persons with an interest in the subject property. George Fiorini is not such a person.

On November 13, 2001, the United States served by certified mail on Vicki Fiorini, the complaint, forfeiture notice, summons, and interrogatories. The United States Postal Service returned a receipt of delivery (1:01-cv-715, Doc. 8, Attach. A).

On January 19, 2002, an IRS Agent personally served on Roger Market and Vicki Market copies of the complaints, forfeiture notices, summons, and interrogatories (1:01-cv-715, Doc. 12). On February 19, 2002, Roger Market and Vicki Market each filed a claim to the subject property (1:01-cv-715, Doc. 13). Roger Market and Vicki Market each filed an answer on April 8, 2002 (Doc. 12).

On March 19, 2002, March 26, 2002, and April 2, 2002, the United States published notice of the proposed forfeiture of the subject property in the Cincinnati Court Index Press (1:01-cv-715, Doc. 15). On March 20, 2002, March 27, 2002, and April 3, 2002, the United States published notice of the proposed forfeiture of the subject property in the Sarasota Herald Tribune in Sarasota, Florida (1:01-cv-715, Doc. 15).

After receiving notice, Vicki Fiorini failed to assert any interest in the subject property. Therefore, on January 14, 2002, Judge Beckwith granted a Default Judgment to the United States against Vicki Fiorini (1:01-cv-715, Doc. 9).

On March 12, 2004, this Court entered a Default Judgment and Decree of Forfeiture against Condominium #405 and Condominium #P3 which are located in the same Sarasota, Florida development as the subject property (Doc. 29). Like the subject property, George Fiorini had no ownership interest in Condominiums #405 and #P3. Vicki Fiorini owned Condominiums

#405 and #P3 and failed to assert any interest in those properties.

In the United States' Motion for Default Judgment and Decree of Forfeiture, the United States informed the Court that it did not seek to forfeit the subject property at that time (Doc. 28). Thereafter, the United States entered into a Settlement Agreement with Roger Market and Vicki Market that is pending approval by this Court.

Unlike George Fiorini, Roger and Vicki Market have an ownership interest in the subject property and as such, have properly established standing in this case. Their interest in the subject property has now been resolved by means of the Settlement Agreement.

## Conclusion

For the foregoing reasons, the United States requests that the Court strike George Fiorini's Statement of Facts (Doc. 40). In the alternative, the United States requests that the Court overrule George Fiorini's "objection" because he, as a non-owner, has no right to contest the forfeiture of the subject property under 18 U.S.C. § 983(d).

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney


s/Kathleen M. Brinkman
KATHLEEN M. BRINKMAN (0016269)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6385
Kathleen.Brinkman @usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion for Default Judgment and Decree of Forfeiture was served this 20th day of May, electronically on: J. Robert Andrew, richjgoldberg@yahoo.com, Attorney for Roger and Vicki Market; and by regular U.S. Mail on: John M. Cloud, Rogers & Greenberg, LLP, 2160 Kettering Tower, Dayton, Ohio 45423, Attorney for Evelyn Schaefer; and Hal R. Arenstein, The Citadel, 114 East Eighth Street, Cincinnati, Ohio 45202, Attorney for George Fiorini.

                                                  s/Kathleen M. Brinkman
                                                  KATHLEEN M. BRINKMAN (0016269)
                                                  Assistant United States Attorney