UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,         : | |
|     PLAINTIFF,         : | CASE NO. 1:01-cv-714 |
|                                    : | (consolidated with 1:01-cv-715 |
| V.         : |  and 1:01-cv-716) |
|                                    : | |
| REAL PROPERTY KNOWN AND         : | |
| NUMBERED AS 1704 HIDDEN HILLS         : | SENIOR JUDGE WEBER |
| ROAD, NO. 607, GATLINBURG, SEVIER         : | |
| COUNTY, TENNESSEE, WITH ALL         : | |
| APPURTENANCES, IMPROVEMENTS,         : | |
| AND ATTACHMENTS THEREON, et al.,         : | |
|     DEFENDANTS.         : | |

## UNITED STATES' REPLY MEMORANDUM

George J. Fiorini, II ("George Fiorini") has filed, out of time, a Response (Doc. 47) to the United States' Motion to Strike Statement of Facts or Deny Objection of George J. Fiorini, II (Doc. 45). The Court should strike George Fiorini's Response because he filed it ten days after the deadline set by this Court.

In the alternative, the Court should overrule George Fiorini's objection in his untimely Response to certain real property having been named in a forfeiture allegation in the Superseding Indictment pending against him, because that objection has no merit as the United States is authorized by law to sue the same property for forfeiture civilly and criminally.

The United States restates its request that the Court strike George Fiorini's Statement of Facts (Doc. 40) for lack of standing or, in the alternative, overrule it on its merits.

The United States further requests that the Court grant the United States' Motion for Default Judgment and Decree of Forfeiture filed separately with the Court on this date.

**Memorandum**

On November 5, 2003, a federal grand jury returned a Superseding Indictment against George Fiorini (1:03-CR-068, Doc. 20). The Superseding Indictment seeks criminal forfeiture of any interest that George Fiorini may have in certain property that the United States also seeks to forfeit civilly in this civil forfeiture action.

The United States is authorized to pursue both civil and criminal forfeiture of property.

**Criminal Forfeiture**

Criminal forfeiture statutes "authorize an *in personam* action against a defendant in a criminal case, and forfeiture in such a case is imposed as a sanction against the defendant upon his conviction." United States v. Certain Real Property Located at 2525 Leroy Lane, 910 F.2d 343, 346 (6th Cir. 1990), cert. denied, 499 U.S. 947 (1991). In criminal forfeiture, it is any interest the defendant may have in property that is forfeited.

**Civil Forfeiture**

On the other hand, a civil forfeiture action is an action *in rem* in which the United States alleges that the subject property itself is guilty of wrongdoing. United States v. O'Dell, 247 F.3d 655, 680 (6th Cir. 2001) (citing Leroy Lane, 910 F.2d at 346). The United States Supreme Court states that a civil forfeiture action *in rem* creates a legal fiction where the property which is proceeded against is held guilty and condemned. United States v. Ursery, 518 U.S. 267, 283 (1996). In Usury, the United States Supreme Court points out that Congress specifically structured *in rem* forfeitures under 18 U.S.C. § 981 "to be impersonal by targeting the property itself." Id. at 289. A civil forfeiture takes all interests that anyone may have in forfeited property.

For the property to be forfeited civilly, George Fiorini need not be convicted of any crime. For the property to be forfeited civilly, George Fiorini need not have any interest in the property, even if George Fiorini's conduct gives rise to the civil forfeiture of the property.

The United States is entitled to bring a civil forfeiture action against property, even against property in which a defendant in a criminal case may have an ownership or other interest, and the United States is not required to seek criminal forfeiture of property in the indictment against that defendant. Ursery, 518 U.S. at 274; see also United States v. James Daniel Good Real Property, 510 U.S. 43, 47 (1993); United States v. Pease, 331 F.3d 809, 810 (11th Cir. 2003); United States v. Four Contiguous Parcels of Real Property, Nos. 98-5292, 98-5317, 1999 WL 701914, at *5, 6 (6th Cir. Sept. 1, 1999), cert. denied, 531 U.S. 811 (2000) (unpublished) (Government not required to use criminal forfeiture instead of maintaining parallel civil forfeiture that was filed first). The fact that the United States took the precaution of naming the property for criminal forfeiture in the Superseding Indictment has no bearing on the fact that the United States is entitled to a judgment of forfeiture against the property in this civil forfeiture action.

The United States is entitled to a judgment of forfeiture against the property in this civil forfeiture action because George Fiorini has not filed a timely claim and answer contesting the forfeiture of the property, and the United States has resolved the interests of Roger and Vicki Market in Condominium #802, Building B, 9393 Midnight Pass Road, Sarasota, Florida.

Once the United States has obtained the judgment of forfeiture against the property in this civil forfeiture action, it will not seek a judgment of forfeiture against the property upon the conviction of George Fiorini in the criminal action.

Therefore, the United States has filed in the criminal action pending against George Fiorini a notice informing that Court that the United States does not intend to seek criminal forfeiture of any property against which the United States obtains a judgment of forfeiture in this civil forfeiture action. (See Attachment A.)

## Conclusion

For the foregoing reasons, the United States requests that the Court

1. strike George Fiorini's Statement of Facts (Doc. 40) on the ground that he lacks standing because he failed to file a timely claim and answer to the defendant property in this civil forfeiture action or, in the alternative, overrule the objection raised by him in the Statement of Facts because it lacks merit; and

2. strike George Fiorini's Response (Doc. 47) on the ground that it was untimely filed or, in the alternative, overrule the objection raised by him in the Response because it has no merit.

The United States further requests that the Court grant the United States' Motion for Default Judgment and Decree of Forfeiture filed separately with the Court on this date.

    Respectfully submitted,

    GREGORY G. LOCKHART
    United States Attorney

    s/Kathleen M. Brinkman
    KATHLEEN M. BRINKMAN (0016269)
    Assistant United States Attorney
    Attorney for Plaintiff
    221 East Fourth Street, Suite 400
    Cincinnati, Ohio 45202
    (513) 684-3711
    Fax: (513) 684-6385
    Kathleen.Brinkman @usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing United States' Reply Memorandum was served this 8th day of July, 2004, electronically on: J. Robert Andrews, richjgoldberg@yahoo.com, Attorney for Roger and Vicki Market; and by regular U.S. Mail on: John M. Cloud, Rogers & Greenberg, LLP, 2160 Kettering Tower, Dayton, Ohio 45423, Attorney for Evelyn Schaefer; and George J. Fiorini, II, 7641 Wesselman Road, Cleves, Ohio 45002.

    s/Kathleen M. Brinkman
    KATHLEEN M. BRINKMAN (0016269)
    Assistant United States Attorney