UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF,<br><br>V.<br><br>REAL PROPERTY KNOWN AND<br>NUMBERED AS 1704 HIDDEN HILLS<br>ROAD, NO. 607, GATLINBURG, SEVIER<br>COUNTY, TENNESSEE, WITH ALL<br>APPURTENANCES, IMPROVEMENTS,<br>AND ATTACHMENTS THEREON, et al.,<br>DEFENDANTS. | CASE NO. 1:01-cv-714<br>(consolidated with 1:01-cv-715<br>and 1:01-cv-716) |

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

The United States has filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) against the subject property and all parties and entities except for Roger and Vicki Market and a Decree of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) against real property known and numbered as Condominium #802, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida with all improvements, appurtenances, and attachments thereon (the "subject property"), which is further described as follows:

> Unit No. 802, Building B, THE POINTE ON MIDNIGHT PASS, a Condominium, according to the Declaration of Condominium, recorded in Official Records Book 1090, Pages 745 to 801, inclusive, and subsequent amendments thereto, and as per Plat thereof recorded in Condominium Book 8, Pages 45, 45A and 45B, of the Public Records of Sarasota County, Florida.
>
> Prior Deed References: Instrument # 1999055926 and Instrument # 2001062923 in the Official Records of the Clerk of Circuit Court Sarasota County, Florida.

The United States filed three verified Complaints for Forfeiture in Rem on October 16, 2001. This Court consolidated the civil forfeiture actions on March 21, 2002.

The civil forfeiture actions were brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture to the United States of:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

On October 19, 2001, the Court recognized the jurisdiction it had over the subject property when it issued a Writ of Entry.

On November 13, 2001, the United States served by certified mail on record owner Vicki Fiorini, the complaint, forfeiture notice, summons, and interrogatories. The United States Postal Service returned a receipt of delivery.

On January 19, 2002, an IRS Agent personally served on record owners Roger Market and Vicki Market copies of the complaints, forfeiture notices, summons, and interrogatories. On February 19, 2002, Roger Market and Vicki Market each filed a claim to the subject property. Roger Market and Vicki Market each filed an answer on April 8, 2002.

The summons and forfeiture notice directed any person or entity claiming an interest in the subject property to file a claim, that is a statement of interest in or right against the subject property, with the Clerk of the Court within thirty days after the earlier of receiving actual notice of execution of process against the subject property or completed publication of notice and to file an answer to the United States' complaint within twenty days after the filing of the claim.

On March 19, 2002, March 26, 2002, and April 2, 2002, the United States published notice of the proposed forfeiture of the subject property in the <u>Cincinnati Court Index Press</u>. On March 20, 2002, March 27, 2002, and April 3, 2002, the United States published notice of the proposed forfeiture of the subject property in the <u>Sarasota Herald Tribune</u> in Sarasota, Florida.

On January 14, 2002, Judge Beckwith granted a Default Judgment to the United States against Vicki Fiorini.

On March 12, 2004, this Court entered a Default Judgment and Decree of Forfeiture against certain real property named therein. In the United States' Motion for Default Judgment and Decree of Forfeiture, the United States informed the Court that it did not seek to forfeit the subject property at that time. The United States subsequently entered into a Settlement Agreement with record owners Roger and Vicki Market which this Court has approved. Under the terms of the Settlement Agreement, the parties agreed to forfeit the subject property to the United States in its entirety.

As of July 8, 2004, no other parties or entities other than Roger and Vicki Market, whose interests have been resolved through settlement, have filed a claim to the subject property and an answer to the United States' complaint. The Court finds that the objection raised by non-owner George Fiorini lacks merit.

Therefore, it is hereby ORDERED that, in accordance with Fed. R. Civ. P. 55(b)(2), 18 U.S.C. § 983(a)(4)(A) and (B), and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims a default judgment is granted to the United States against the subject property and all other persons and entities having an interest in the subject property for failure to file a claim and answer.

It is further ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the subject property is CONDEMNED and FORFEITED to the United States pursuant to 18 U.S.C. § 981(a)(1)(A). All right, title, and interest in the subject property is vested in the United States of America and no right, title, or interest shall exist in any other person or entity. The

United States Department of the Treasury shall dispose of the subject property in accordance with the law and the Settlement Agreement entered into between the United States and Roger and Vicki Market.

_____
Herman J. Weber
SENIOR UNITED STATES DISTRICT JUDGE