OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
100 EAST FIFTH STREET, ROOM #324
CINCINNATI, OHIO 45202

OFFICIAL BUSINESS

RTS — RETURN TO SENDER

☐ OTHER
☐ INSUFFICIENT ADDRESS
☐ ATTEMPTED NOT KNOWN
☐ NO SUCH NUMBER/STREET
☐ NOT DELIVERABLE AS ADDRESSED
☐ UNABLE TO FORWARD

Janet Curtis
4075 Twin Lakes Circle
Dayton, OH

**Other Orders/Judgments**

1:01-cv-00714-HJW-TSH USA v. 1704 Hidden Hills Rd, et al

**RECEIVED**

AUG 0 4 2004

**U.S. District Court**

**Southern District of Ohio**

**JAMES BONINI, Clerk**
CINCINNATI, OHIO

Notice of Electronic Filing

The following transaction was received from ph, entered on 7/30/2004 at 2:26 PM EDT and filed on 7/30/2004
**Case Name:** USA v. 1704 Hidden Hills Rd, et al
**Case Number:** 1:01-cv-714
**Filer:**
**Document Number:** 51

**Docket Text:**
DEFAULT JUDGMENT in favor of PLAINTIFF AND AGAINST DEFENDANT CONDOMINIUM #802, BUILDING B, 9393 MIDNIGHT PASS ROAD, SARASOTA, SARASOTA COUNTY, FLORIDA. Signed by Judge Herman J. Weber on 7/30/04. (ph, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=7/30/2004] [FileNumber=329099-0]
[0cb00cc9ef216e290335a997c9b8aa4f2ba707682cf211613975ec6611638a9314a5
704c1c24d58c20c21acc90ff85784174364bcd94a49686449f9fee84e0b4]]

**1:01-cv-714 Notice will be electronically mailed to:**

Kathleen Mary Brinkman    kathleen.brinkman@usdoj.gov,
maryann.arrasmith@usdoj.gov;deborah.grimes@usdoj.gov;michelle.kamphaus@usdoj.gov;crim.ecfohscin@usdoj.gov

Richard Jay Goldberg    richjgoldberg@yahoo.com,

**1:01-cv-714 Notice will not be electronically mailed to:**

John Robert Andrews
Schuh & Goldberg
2662 Madison Road
Cincinnati, OH 45208

John Matthew Cloud
Snell, Rogers & Greenberg - 3
2160 Kettering Tower
Dayton, OH 45423

Janet Curtis
4075 Twin Lakes Circle
Dayton, OH

Kenneth Curtis
4075 Twin Lakes Circle
Dayton, OH

George J Fiorini
7641 Wesselman Road
Cleves, OH 45002

Paul E Schwarz
Adams Stepner Woltermann & Dusing
PO Box 861
40 W Pike Street
Covington, KY 41012-0861

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF,<br><br>V.<br><br>REAL PROPERTY KNOWN AND<br>NUMBERED AS 1704 HIDDEN HILLS<br>ROAD, NO. 607, GATLINBURG, SEVIER<br>COUNTY, TENNESSEE, WITH ALL<br>APPURTENANCES, IMPROVEMENTS,<br>AND ATTACHMENTS THEREON, et al.,<br>DEFENDANTS. | CASE NO. 1:01-cv-714<br>(consolidated with 1:01-cv-715<br>and 1:01-cv-716) |

## DEFAULT JUDGMENT AND DECREE OF FORFEITURE

The United States has filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b)(2) against the subject property and all parties and entities except for Roger and Vicki Market and a Decree of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) against real property known and numbered as Condominium #802, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida with all improvements, appurtenances, and attachments thereon (the "subject property"), which is further described as follows:

> Unit No. 802, Building B, THE POINTE ON MIDNIGHT PASS, a Condominium, according to the Declaration of Condominium, recorded in Official Records Book 1090, Pages 745 to 801, inclusive, and subsequent amendments thereto, and as per Plat thereof recorded in Condominium Book 8, Pages 45, 45A and 45B, of the Public Records of Sarasota County, Florida.
>
> Prior Deed References: Instrument # 1999055926 and Instrument # 2001062923 in the Official Records of the Clerk of Circuit Court Sarasota County, Florida.

The United States filed three verified Complaints for Forfeiture in Rem on October 16, 2001. This Court consolidated the civil forfeiture actions on March 21, 2002.

The civil forfeiture actions were brought to enforce 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture to the United States of:

> Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property.

On October 19, 2001, the Court recognized the jurisdiction it had over the subject property when it issued a Writ of Entry.

On November 13, 2001, the United States served by certified mail on record owner Vicki Fiorini, the complaint, forfeiture notice, summons, and interrogatories. The United States Postal Service returned a receipt of delivery.

On January 19, 2002, an IRS Agent personally served on record owners Roger Market and Vicki Market copies of the complaints, forfeiture notices, summons, and interrogatories. On February 19, 2002, Roger Market and Vicki Market each filed a claim to the subject property. Roger Market and Vicki Market each filed an answer on April 8, 2002.

The summons and forfeiture notice directed any person or entity claiming an interest in the subject property to file a claim, that is a statement of interest in or right against the subject property, with the Clerk of the Court within thirty days after the earlier of receiving actual notice of execution of process against the subject property or completed publication of notice and to file an answer to the United States' complaint within twenty days after the filing of the claim.

On March 19, 2002, March 26, 2002, and April 2, 2002, the United States published notice of the proposed forfeiture of the subject property in the <u>Cincinnati Court Index Press</u>. On March 20, 2002, March 27, 2002, and April 3, 2002, the United States published notice of the proposed forfeiture of the subject property in the <u>Sarasota Herald Tribune</u> in Sarasota, Florida.

On January 14, 2002, Judge Beckwith granted a Default Judgment to the United States against Vicki Fiorini.

On March 12, 2004, this Court entered a Default Judgment and Decree of Forfeiture against certain real property named therein. In the United States' Motion for Default Judgment and Decree of Forfeiture, the United States informed the Court that it did not seek to forfeit the subject property at that time. The United States subsequently entered into a Settlement Agreement with record owners Roger and Vicki Market which this Court has approved. Under the terms of the Settlement Agreement, the parties agreed to forfeit the subject property to the United States in its entirety.

As of July 8, 2004, no other parties or entities other than Roger and Vicki Market, whose interests have been resolved through settlement, have filed a claim to the subject property and an answer to the United States' complaint. The Court finds that the objection raised by non-owner George Fiorini lacks merit.

Therefore, it is hereby ORDERED that, in accordance with Fed. R. Civ. P. 55(b)(2), 18 U.S.C. § 983(a)(4)(A) and (B), and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims a default judgment is granted to the United States against the subject property and all other persons and entities having an interest in the subject property for failure to file a claim and answer.

It is further ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the subject property is CONDEMNED and FORFEITED to the United States pursuant to 18 U.S.C. § 981(a)(1)(A). All right, title, and interest in the subject property is vested in the United States of America and no right, title, or interest shall exist in any other person or entity. The

United States Department of the Treasury shall dispose of the subject property in accordance with the law and the Settlement Agreement entered into between the United States and Roger and Vicki Market.

```
_____
Herman J. Weber
SENIOR UNITED STATES DISTRICT JUDGE
```

**Other Orders/Judgments**
1:01-cv-00714-HJW-TSH USA v. 1704 Hidden Hills Rd, et al

## U.S. District Court

### Southern District of Ohio

Notice of Electronic Filing

The following transaction was received from ph, entered on 7/30/2004 at 2:09 PM EDT and filed on 7/30/2004
**Case Name:**       USA v. 1704 Hidden Hills Rd, et al
**Case Number:**     1:01-cv-714
**Filer:**
**Document Number:** 50

**Docket Text:**
ORDER/SETTLEMENT AGREEMENT Signed by Judge Herman J. Weber on 7/30/04. Roger Market and Vicki Market terminated.(ph, )

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040326259 [Date=7/30/2004] [FileNumber=329056-0]
[07064c1bb388237275d3c2cc72390039c793f07df356768518c235a9bdda86a9c7a2
5bbf779674c37f65a31276302a1854f7c646ea1a51b073a55512ee9c1d19]]

**1:01-cv-714 Notice will be electronically mailed to:**

Kathleen Mary Brinkman     kathleen.brinkman@usdoj.gov,
maryann.arrasmith@usdoj.gov;deborah.grimes@usdoj.gov;michelle.kamphaus@usdoj.gov;crim.ecfohscin@usdoj.gov


Richard Jay Goldberg     richjgoldberg@yahoo.com,

**1:01-cv-714 Notice will not be electronically mailed to:**

John Robert Andrews
Schuh & Goldberg
2662 Madison Road
Cincinnati, OH 45208

John Matthew Cloud
Snell, Rogers & Greenberg - 3
2160 Kettering Tower
Dayton, OH 45423

Janet Curtis
4075 Twin Lakes Circle
Dayton, OH

Kenneth Curtis

4075 Twin Lakes Circle
Dayton, OH

George J Fiorini
7641 Wesselman Road
Cleves, OH 45002

Paul E Schwarz
Adams Stepner Woltermann & Dusing
PO Box 861
40 W Pike Street
Covington, KY 41012-0861

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
|     **PLAINTIFF,** | : | **CASE NO. 1:01cv714** |
| | : | **(consolidated with 1:01cv715** |
| **V.** | : | **and 1:01cv716)** |
| | : | |
| **REAL PROPERTY KNOWN AND** | : | |
| **NUMBERED AS CONDOMINIUM #802,** | : | **SENIOR JUDGE WEBER** |
| **BUILDING B, 9393 MIDNIGHT PASS ROAD,** | : | |
| **SARASOTA, SARASOTA COUNTY,** | : | |
| **FLORIDA, WITH ALL APPURTENANCES,** | : | |
| **IMPROVEMENTS, AND ATTACHMENTS** | : | |
| **THEREON,** | : | |
|     **DEFENDANT.** | : | |

## SETTLEMENT AGREEMENT

IT IS HEREBY STIPULATED as follows by and between the United States of America (the "United States") and Roger Market and Vicki Market (the "Claimants") (together "the parties") in order to compromise and settle the Claimants' interest in real property known and numbered as Condominium #802, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida (the "subject property"), which property is furthered described in Attachment A hereto.

This Settlement Agreement is entered into between the parties pursuant to the following terms:

1. The parties agree that the Claimants have an undivided one-half interest in the subject property by virtue of a Warranty Deed recorded in the official records of Sarasota County, Florida on May 7, 2001.

2. The parties agree that any violations of 18 U.S.C. § 981(a)(1)(A) involving the

subject property occurred without the knowledge and consent of the Claimants.

3. The parties agree that the United States shall forfeit the subject property in its entirety for the purpose of conveying clear title to the subject property to the Claimants. The United States agrees to pay any costs associated with recording its decree of forfeiture in Sarasota County, Florida and for releasing its Lis Pendens against the subject property.

4. The parties agree that the United States shall, in exchange for the Claimants payment to the United States of one hundred forty thousand dollars ($140,000) in the form of a certified check made payable to the Department of the Treasury, convey title to the Claimants by quitclaim deed to the subject property.

5. The Claimants agree to pay any costs associated with recording the deed which conveys the subject property from the United States to the Claimants.

6. The Claimants agree to release and hold harmless the United States of America, the United States Attorney for the Southern District of Ohio, the Internal Revenue Service, and any agents, servants, and employees of the United States (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by the Claimants and their agents which currently exist or which they may have as a result of this lawsuit.

7. The Claimants agree that by entering into this Settlement Agreement, they waive any rights to litigate further their interest in the subject property and to petition for remission or mitigation of the forfeiture. The Claimants understand that unless specifically directed by an order of the Court, the Claimants shall be excused and relieved from further participation in this action.

8. Each party agrees to bear its own costs and attorney's fees.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

3/31/04
Date

KATHLEEN M. BRINKMAN (0016269)
Assistant United States Attorney
Attorney for Plaintiff
221 East Fourth Street, Suite 400
Cincinnati, Ohio 45202
(513) 684-3711
Fax: (513) 684-6385
Kathleen.Brinkman@usdoj.gov

5/4/04
Date

ROGER MARKET
Claimant

5-4-04
Date

VICKI MARKET
Claimant

3

5-5-04
Date

_____
J. ROBERT ANDREWS
Attorney for Roger and Vicki Market
Schuh & Goldberg, LLP
2662 Madison Road
Cincinnati, Ohio 45208
(513) 321-2662
Fax: (513) 321-0855

It is so ordered:

_____
Herman J. Weber
SENIOR UNITED STATES DISTRICT JUDGE

4

## ATTACHMENT A

Real property known and numbered as Condominium #802, Building B, 9393 Midnight Pass Road, Sarasota, Sarasota County, Florida with all improvements, appurtenances, and attachments thereon. The legal description of the real property is:

> Unit No. 802, Building B, THE POINTE ON MIDNIGHT PASS, a Condominium, according to the Declaration of Condominium, recorded in Official Records Book 1090, Pages 745 to 801, inclusive, and subsequent amendments thereto, and as per Plat thereof recorded in Condominium Book 8, Pages 45, 45A and 45B, of the Public Records of Sarasota County, Florida.