UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>PLAINTIFF,<br><br>V.<br><br>REAL PROPERTY KNOWN AND<br>NUMBERED AS 1704 HIDDEN HILLS<br>ROAD, NO. 607, GATLINBURG, SEVIER<br>COUNTY, TENNESSEE, WITH ALL<br>APPURTENANCES, IMPROVEMENTS,<br>AND ATTACHMENTS THEREON, ET AL.,<br>DEFENDANTS. | CASE NO. 1:01-cv-714<br>(consolidated with 1:01-cv-715<br>and 1:01-cv-716)<br><br>SENIOR JUDGE WEBER |

## SETTLEMENT AGREEMENT

WHEREAS, the United States of America ("United States"), by and through the undersigned United States Attorney, filed this civil forfeiture action with this Court on October 16, 2001, seeking the forfeiture of real property known and numbered as 3514 Boudinot Avenue, Cincinnati, Hamilton County, Ohio with all improvements, appurtenances, and attachments thereon, which property is further described as follows ("defendant property"):

> Situate in the City of Cincinnati, Hamilton County, Ohio in the Southeast Quarter of Section 9, Township 2, Fractional Range 2, Miami Purchase, Green Township and more particularly described as follows:

> Beginning at a point in the easterly line of Boudinot Avenue 90.9 feet south of the southerly line of Mozart Avenue as now established, as measured along said easterly line of Boudinot Avenue; thence southwardly along the easterly line Boudinot Avenue 55 feet to a point; thence eastwardly at right angles to Boudinot Avenue 127.50 feet to a point in the westerly line of a 15 foot strip of ground used by the City of Cincinnati for a trunk sewer; thence northwardly along the westerly line of said trunk sewer to a point in the southwesterly line of Harrison Avenue; thence westwardly to the point and place of beginning; and

WHEREAS, on November 13, 2001 and December 5, 2003, the United States served

notice upon all persons and entities believed to have an interest in the defendant property by certified mail, and the United States published notice of the action in the <u>Cincinnati Court Index</u>, a newspaper of general circulation in the Southern District of Ohio, on March 19, 2002, March 26, 2002, and April 2, 2002; and

WHEREAS, Evelyn M. Schaefer ("claimant") filed a claim to the defendant property on December 30, 2003, and filed an answer to the complaint on January 20, 2004; and

WHEREAS, no other person or entity has filed a claim to the defendant property and the time to do so has expired; and

WHEREAS, the parties wish to avoid further litigation and to resolve to their mutual satisfaction their claims to the defendant property which has been sued by the United States in civil forfeiture action C-1-01-716.

NOW THEREFORE, IT IS HEREBY AGREED that the United States, by and through its undersigned counsel, and the claimant, through her attorney of record John M. Cloud, consent to the following:

1. The parties agree that the United States Department of the Treasury shall, as soon as can reasonably be accomplished, sell the defendant property by any commercially feasible means, making best efforts to obtain the maximum selling price for the defendant property.

2. At the closing of the sale of the defendant property, the closing agent shall distribute the funds from the buyer ("gross sale proceeds") in the following manner:

    a. the closing agent shall deduct from the gross sale proceeds all of the expenses of the sale and other expenses attributable to the defendant property, to arrive at the net sale proceeds for the defendant property, including the following expenses:

2

  (1) Real estate commissions, if any;

  (2) Real estate property taxes which are due and owing;

  (3) Insurance costs, if any;

  (4) All costs incurred by the United States Department of the Treasury under this Agreement in connection with the marketing and sale of the defendant property;

  (5) Escrow fees;

  (6) Document recording fees not paid by the buyer;

  (7) Title fees; and

  (8) County transfer taxes;

 b. the closing agent shall disburse fifty percent of the net sale proceeds to the United States; and

 c. the closing agent shall disburse the remaining fifty percent of the net sale proceeds to the claimant.

 3. The United States and claimant hereby agree to substitute the United States' fifty percent share of the net sale proceeds realized from the sale of the defendant property as a "substitute *res*" for the defendant property in this lawsuit. Upon the report to the Court by the United States Department of the Treasury of the net proceeds amount, that net proceeds amount shall become a substitute defendant for the defendant property pursuant to 19 U.S.C. § 1613(c) in this lawsuit without further order of the Court.

 4. The claimant makes no claim of ownership to the substitute defendant, and the claimant agrees to and does not contest the forfeiture to the United States of the substitute defendant. The claimant further agrees to the entry of a Judgment of Forfeiture in favor of the

United States and against the substitute defendant in this case. The United States intends to seek restoration of the forfeited funds substituted for 3514 Boudinot Avenue to the victims of the fraud crimes of George Fiorini who are ordered to be paid restitution.

5.   The United States will not seek the forfeiture of the claimant's fifty percent of the net sale proceeds from the defendant property.

6.   The United States and the claimant agree that there was probable cause for the forfeiture action against the defendant property pursuant to 18 U.S.C. § 981(a)(1)(A), that the United States and any state or local agencies had reasonable cause to pursue the forfeiture of the defendant property, and that the claimant did not substantially prevail in the forfeiture action against the defendant property.

7.   The claimant shall not make any claim or file any action against the United States or its agencies or any state or local agency involved, including any individual associated with those federal, state, or local agencies, arising from the sale of the defendant property or the substitution of the net proceeds amount for the defendant property.

8.   Each party shall bear its own attorney fees and related costs associated with this

Agreement.

                                        GREGORY G. LOCKHART
                                        United States Attorney

10-12-04  
Date

                                        DONETTA D. WIETHE (0028212)  
                                        Assistant United States Attorney  
                                        Attorney for Plaintiff  
                                        221 East Fourth Street, Suite 400  
                                        Cincinnati, Ohio 45202  
                                        (513) 684-3711  
                                        Fax: (513) 684-6972  
                                        Donetta.Wiethe @usdoj.gov

10-22-04  
Date

                                        EVELYN M. SCHAEFER  
                                        Claimant

10/20/04  
Date

                                        JOHN M. CLOUD (0006262)  
                                        Attorney for Evelyn M. Schaefer  
                                        Rogers & Greenberg LLP  
                                        2160 Kettering Tower  
                                        Dayton, Ohio 45423  
                                        (937) 223-8171

It is so ordered:

Herman J. Weber  
SENIOR UNITED STATES DISTRICT JUDGE

5