UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    PLAINTIFF,<br><br>V.<br><br>REAL PROPERTY KNOWN AND<br>NUMBERED AS 1704 HIDDEN HILLS<br>ROAD, NO. 607, GATLINBURG, SEVIER<br>COUNTY, TENNESSEE, WITH ALL<br>APPURTENANCES, IMPROVEMENTS,<br>AND ATTACHMENTS THEREON, ET AL.,<br>    DEFENDANTS. | CASE NO. 1:01-cv-714<br>(consolidated with 1:01-cv-715<br>and 1:01-cv-716) |

## DECREE OF FORFEITURE

The United States filed three verified Complaints for Forfeiture in Rem on October 16, 2001 (1:01-cv-714 (Doc. 1), 1:01-cv-715 (Doc. 1), and 1:01-cv-716 (Doc. 1)). This Court consolidated the civil forfeiture actions on March 21, 2002 (Doc. 10).

The United States filed this action seeking the forfeiture of, among other defendants, real property known and numbered as 3514 Boudinot Avenue, Cincinnati, Hamilton County, Ohio with all improvements, appurtenances, and attachments thereon, which property is further described as follows (the "defendant property"):

> Situate in the City of Cincinnati, Hamilton County, Ohio in the Southeast Quarter of Section 9, Township 2, Fractional Range 2, Miami Purchase, Green Township and more particularly described as follows:
>
> Beginning at a point in the easterly line of Boudinot Avenue 90.9 feet south of the southerly line of Mozart Avenue as now established, as measured along said easterly line of Boudinot Avenue; thence southwardly along the easterly line Boudinot Avenue 55 feet to a point; thence eastwardly at right angles to Boudinot Avenue 127.50 feet to a point in the westerly line of a 15 foot strip of ground used by the City of Cincinnati for a trunk sewer; thence northwardly along the westerly

line of said trunk sewer to a point in the southwesterly line of Harrison Avenue; thence westwardly to the point and place of beginning.

Prior Deed Reference: Official Records Volume 8087, Page 730 of Hamilton County Public Records

On November 13, 2001, the United States served George Fiorini (in his individual capacity and as Trustee of the I.G.W. Trust) and Vicki Fiorini by certified mail the complaint, forfeiture notice, summons, and interrogatories. The summons and forfeiture notice directed any person or entity claiming an interest in the defendants named in the complaint to file a claim with the Clerk of the Court within thirty (30) days after receipt of actual or public notice of this action and to file an answer to the United States' complaint within twenty (20) days after the filing of the claim.

On March 8, 2002, Senior Judge Spiegel granted a Default Judgment to the United States against George Fiorini (in his individual capacity and as Trustee of the I.G.W. Trust), the I.G.W. Trust, and Vicki Fiorini (1:01-cv-716 (Doc. 13)).

On December 5, 2003, the United States served by certified mail on Evelyn Schaefer the complaint, forfeiture notice, and summons. The United States Postal Service returned a receipt of delivery.

Evelyn Schaefer (the "Claimant") filed a claim to the defendant property on December 30, 2003 (Doc. 23) and filed an answer to the complaint on January 20, 2004 (Doc. 24).

The United States published notice of the action in the <u>Cincinnati Court Index</u>, a newspaper of general circulation in the Southern District of Ohio, on March 19, 2002, March 26, 2002, and April 2, 2002 (Doc. 15).

On December 13, 2004, this Court approved the Settlement Agreement between the

2

Claimant and the United States (Doc. 55). Under the terms of the Settlement Agreement, the parties agreed that the United States would sell the defendant property and each party would receive fifty percent of the net proceeds. However, the defendant property currently is held in the name of George Fiorini, Trustee of the I.G.W. Trust, against whom the United States has obtained a default judgment. In order to carry out the terms of the Settlement Agreement, the United States asks that this Court grant its motion which will forfeit the defendant property to the United States in its entirety and assist the United States in conveying the defendant property to a third party.

No other person or entity has filed a claim to the defendant property and the time to do so has expired.

Therefore, it is hereby

ORDERED, ADJUDGED, AND DECREED that all right, title, and interest in the defendant property is CONDEMNED and FORFEITED to the United States pursuant to 18 U.S.C. § 981(a)(1)(A). All right, title, and interest in the defendant property is vested in the United States of America and no right, title, or interest shall exist in any other person or entity. The United States Department of the Treasury shall dispose of the subject property in accordance with the law and the Settlement Agreement between the United States and the Claimant.

_____
Herman J. Weber
Senior United States District Judge